1 | William J. Wall – State Bar No. 203970
2 | **THE WALL LAW OFFICE**
3 | 9900 Research Drive
  | Irvine, CA 92618
4 | Telephone: (949) 387-4300
  | Facsimile: (800) 722-8196
5 | wwall@wall-law.com
6 | *Attorney for Plaintiff and the Classes*
7 |

FILED
2011 MAY 18  PM 1:25
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY ___

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

MARY GRAMMONT, on behalf of herself and all others similarly situated,

        Plaintiff,

    vs.

700 CREDIT, LLC,

        Defendant.

**CV. 11 - 04265  CAS (DTBx)**

Civil Action No. _____

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

**CLASS ACTION DEMAND FOR JURY TRIAL**

## I.

### PRELIMINARY STATEMENT

1.     Defendant 700 Credit, LLC ("700 Credit") is regulated as a "consumer reporting agency" ("CRA") and "reseller" of credit information under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.  Defendant is also similarly regulated as a "consumer credit reporting agency" ("CCRA") under the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1-1787.3.  Defendant has been selling credit reports falsely marking

1   Plaintiff – and numerous other American consumers – as "deceased."  When living

2   consumers learn of this or other inaccuracies on their 700 Credit reports, they have

3   the right to obtain a copy of their entire credit file and to receive specific

4   statutorily-mandated information that would advise them of their rights under the

5   FCRA and CCRAA, including the proper methods for correcting such credit

6   inaccuracies.    Defendant, however, gives consumers the run-around and

7   intentionally deprives them of these disclosures.  Defendant fails to disclose to

8   consumers all information in their file that it assembled and sold about them; it

9   fails to follow procedures that assure maximum possible accuracy in preparing

10  credit reports; it fails to obtain a permissible purpose certification prior to selling

11  reports for consumers such as Plaintiff; it fails to provide consumers with their

12  rights under the FCRA and CCRAA; it misleads consumers about their right to

13  have inaccurate information corrected; and it imposes improper barriers for

14  consumers seeking to correct errors on their 700 Credit reports.  This lawsuit seeks

15  to redress Defendant's widespread and reckless non-compliance with the FCRA

16  and CCRAA.  As the same reality experienced by Ms. Grammont confronts the

17  many other consumers she seeks to represent, Plaintiff respectfully submits that the

18  legality of Defendant's practices under the FCRA and CCRAA, can be, and should

19  be, adjudicated on a class-wide basis.

## II.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.

### PARTIES

4.    Plaintiff Mary Grammont is a living adult individual who resides in Desert Hot Springs, California.

5.    Defendant 700 Credit, LLC ("700 Credit") is a business entity regularly conducts business in the Central District of California and has a principal place of business in Torrance, California.

## IV.

### FACTUAL ALLEGATIONS

**A.    Defendant's Credit Reporting Practices**

6.    Defendant is regulated as a "consumer reporting agency" ("CRA") and "reseller" under the FCRA. 15 U.S.C. § 1681a(e); 1681(u) (reseller is CRA). Defendant is also similarly regulated as a "consumer credit reporting agency" ("CCRA") under the California Consumer Credit Reporting Agencies Act ("CCRAA"). Cal. Civ. Code § 1785.3(d).

7.    Defendant assembles and sells tens of thousands of consumer credit reports to car dealerships and others in the automotive industry, often called "credit reports" ("reports" herein).   15 U.S.C. § 1681a(e); Cal. Civ. Code § 1785.3(c).

8.    Pursuant to the FCRA and CCRAA, Defendant must follow procedures which assure that the reports it sells meet the standard of "maximum possible accuracy."   15 U.S.C. § 1681e(b); Cal. Civ. Code § 1785.14(b).

9.    Pursuant to the FCRA and CCRAA, Defendant must maintain reasonable procedures to assure that reports are sold only for legitimate "permissible purposes."   15 U.S.C. §§ 1681e(a) & 1681b; Cal. Civ. Code § 1785.14(a).

10.    Defendant places a "deceased" notation or marking on reports when it is advised from any of its data sources, including other CRAs, that a given consumer is deceased.

11.    Defendant does not request or require a death certificate from any of its data sources which advise that a consumer is "deceased" before placing a "deceased" mark on that consumer's report.

12.     Defendant does not request or require any proof from any data source which advises that a consumer is "deceased" showing that the consumer is, in fact, deceased before placing a "deceased" mark on that consumer's report.

13.     Defendant does not independently verify with any source that a consumer is, in fact, deceased before placing a "deceased" mark on that consumer's report.

14.     A deceased notation is a very unusual marking upon a credit report.

15.     Like any other person or business with an Internet connection, Defendant has easy access to the "Death Master File" created by the Social Security Administration, listing those consumers that the government believes to be truly deceased.

16.     Before selling reports with a "deceased" notation or mark on them, Defendant does not cross-reference the information received from its data sources with the "Death Master File" in order to determine whether any given consumer reported as deceased via a data source is also on the government's Death Master File before selling a credit report about said consumer.

17.     Indeed, Defendant employs no procedures *at all* which assure that a consumer with a "deceased" mark on his/her report is, in fact, deceased before placing the "deceased" mark on that consumer's report and selling that report.

18.     Even in instances where other data on the face of the consumer's report indicates that he/she is not deceased, Defendant employs no procedures which assure that a consumer with a "deceased" mark on his/her report is, in fact, deceased before placing the "deceased" mark on that consumer's report.

19.     Defendant knows that living consumers are turned down for credit specifically because Defendant is reporting them as "deceased."

20.     Defendant knows that numerous consumers are erroneously marked as "deceased" on their credit reports, but said consumers are not on the Death Master File and are, in fact, alive.

21. Defendant has no independent procedure to change an erroneous deceased status on its own and will merely parrot its data source or sources.

22. Defendant does not employ any procedures to limit or stop the furnishing of reports to third parties for consumers which it has marked as "deceased" under any circumstances.

23. Defendant charges third parties a fee for reports with a mark that a consumer is deceased ("reports on the deceased") as it would for any other report.

24. Defendant profits from the sale of reports on the deceased.

25. Defendant knows that truly deceased consumers do not apply for credit.

26. Defendant knows that the credit information and reports of truly deceased persons are used by criminals to commit identity theft or credit fraud. Indeed, identity theft using the personal identifying information of deceased consumers is known to 700 Credit to be a common and major source of identity theft.

27. Defendant knows that identity theft and credit fraud are serious and widespread problems.

28. Defendant sells reports on the deceased to third parties in an automated fashion and without any specific or general certification that could reasonably explain a "permissible purpose" for purchasing or using a (supposedly) deceased consumer's credit history and/or report.

29. For consumers who are deceased, there exists no permissible purpose under the FCRA or CCRAA for Defendant to ever sell their credit reports, absent a court order.

30. Defendant knows that such reports contain a vast amount of personal identifying and credit account information on the supposedly deceased consumer, information that can be used to commit identity theft or for other fraudulent purposes.

31.    Consumers such as Plaintiff who are alive but erroneous marked as "deceased" on Defendant's credit reports are viewed with suspicion, as potential perpetrators of fraud using a deceased person's social security number.

32.    The FCRA and CCRAA also provide that consumers, whether they are the victims of inaccurate information on their reports or not, have the right to request and obtain free of charge once every 12 months a complete copy of all information in their credit file with Defendant.  15 U.S.C. § 1681g(a)(1); Cal. Civ. Code §§ 1785.10(a) & (b) and § 1785.15(a)(1).

33.    Defendant intentionally misleads consumers into believing that they cannot obtain a copy of their 700 Credit report.

34.    Defendant advises consumers on its website, http://www.700credit.com, that "If you would like a copy of your credit report, you can contact the national credit bureaus directly," referring consumers to Trans Union and Experian.

35.    When consumers such as Plaintiff contact 700 Credit directly in order to find out where and how Defendant obtained inaccurate information about them, or for any other reason, Defendant agrees to provide consumers with a copy of their 700 Credit report, which is a different report in both form and content from Trans Union or Experian reports, and which contains different information from that consumer's Experian and Trans Union reports.

36.    Defendant, however, fails to disclose to consumers all information in their credit file, as required by the FCRA and CCRAA at 15 U.S.C. § 1681g(a)(1) and Cal. Civ. Code §§ 1785.10 and 1785.15.

37.    Moreover, and in violation of 15 U.S.C. § 1681g(c)(2) and Cal. Civ. Code § 1785.10(b), and contrary to the practice of other CRAs and CCRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers the summary of their rights under the FCRA as prepared by the Federal Trade Commission.

38.     Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours.

39.     Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a list of all federal agencies responsible for enforcing any provision of the FCRA, as well as the address and any appropriate telephone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency.

40.     Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a statement that the consumer may have additional rights under state law, and that the consumer may wish to contact a state or local consumer protection agency or a state attorney general (or the equivalent thereof) to learn of those rights.

41.     Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

42.     By depriving consumers of these statutorily mandated rights, including all of the rights provided to California consumers under Cal. Civ. Code §§ 1785.10 and 1785.15, Defendant seeks to save printing costs associated with providing proper and complete FCRA- and CCRAA-mandated disclosures to

consumers and, more importantly, the administrative and compliance costs that are associated with correcting errors on credit reports.

43.   Indeed, Defendant's standard dispute policy is to simply pass on any dispute that it receives from a consumer to the car dealerships to which it sells its reports and to the national credit repositories where it obtains much of its information that goes on its reports.

44.   Defendant states on its website, http://www.700credit.com, that it will not independently reinvestigate consumer disputes of errors, in direct violation of 15 U.S.C. § 1681i and Cal. Civ. Code § 1785.16.

45.   If consumers, such as Plaintiff, seek to dispute inaccurate information with Defendant, Defendant imposes barriers to said disputes that are not existent in the FCRA or CCRAA.

46.   For example, in violation of 15 U.S.C. § 1681i and Cal. Civ. Code § 1785.16, and contrary to the practice of other CRAs and CCRAs, Defendant, intentionally, recklessly and as a matter of course, requires consumers to make a written, signed dispute, on one of its forms, and further to include with their dispute a "photo ID, Social Security card, and/or tax ID card."

**B.   The Experience of the Representative Plaintiff**

47.   On August 22, 2010, Plaintiff was marked by Defendant as "deceased" on her 700 Credit report sold to the Moss Brothers Chevrolet car dealership.

48.   The 700 Credit report delivered by Defendant to Moss Brothers Chevrolet and any related automobile finance arm or affiliate on or about August 22, 2010 falsely provided that Plaintiff was "reported as deceased." As a result, Defendant marked Plaintiff's report with a "Red Flag Alert."

49.   Plaintiff is not deceased.

50.   The Social Security Administration does not have Plaintiff marked as deceased on the Death Master File.

51.     In or about early October 2010, Plaintiff sought to identify the source of this error and to dispute the error with Defendant.  Plaintiff specifically made a dispute with Defendant on October 4, 2010 advising, *inter alia*, "I am reported as dead.  I am not."

52.     On October 14, 2010, Defendant wrote to Plaintiff that Defendant had "received your dispute in regards to your credit reports reporting you are deceased."  Defendant, however, did not reinvestigate Plaintiff's dispute.

53.     Rather, Defendant misinformed Plaintiff that "this is credit report data that has been established by the credit bureaus.  In order to have it removed you will need to contact Experian, Transunion and/or Equifax for them to investigate and correct."

54.     Defendant represents on its website that among its sources and "partners" are Trans Union and Experian, two of the national CRAs.  Defendant identifies several other "partners," but Equifax, another national CRA, is not one of them.

55.     Plaintiff obtained her credit report directly from Experian in November 2010.  Plaintiff's Experian credit report does not identify her as "deceased."

56.     Plaintiff also obtained her credit report directly from Trans Union in December 2010.  Plaintiff's Trans Union credit report does not identify her as "deceased."

57.     On November 29, 2010, Plaintiff requested her 700 Credit report from 700 Credit in a further effort to correct the false "deceased" reporting.

58.     On December 3, 2010, Defendant mailed to Plaintiff two different 700 Credit reports, with different formatting and with different contents (the "December 3rd Reports).

59.    The December 3rd Reports both appeared to be printed on December 3, 2010, from a "Print Preview" screen within a "700 dealer.com" website maintained and controlled by Defendant.

60.    The December 3rd Reports both had Plaintiff "reported as deceased" and further had a "Red Flag Alert" on them.

61.    Plaintiff's 700 Credit December 3rd Reports also indicated that Plaintiff's "Input SSN is reported as deceased;" that "high risk business was identified" at Plaintiff's address; and that there is a "Hit to the Decease Master File. SSA reports death benefits as being paid to this SSN."

62.    None of the above-quoted data from the December 3rd Reports appears on either Plaintiff's Experian report or on her Trans Union report.

63.    Moreover, Plaintiff is not being paid any death benefits.

64.    In addition to these inaccuracies, Plaintiff's December 3rd Reports also did not identify the names (written in full) of any and all entities to which 700 Credit had sold Plaintiff's report in the previous one-year period, as required by 15 U.S.C. § 1618g(a)(3)(B) and Cal. Civ. Code § 1785.10.

65.    Further, neither the December 3rd Reports nor the cover letters accompanying them listed a toll-free telephone number for 700 Credit where a consumer may lodge a dispute or any of the other "summary of rights" which must have been provided to Plaintiff pursuant to 15 U.S.C. § 1618g(c)(2) and Cal. Civ. Code §§ 1785.10(d) and 1785.15(a)(4).

66.    Defendant never reinvestigated Plaintiff's dispute, and never corrected any of the inaccurate information it sold about Plaintiff.

67.    As a result of its actions, Defendant is harming Plaintiff's ability to use her credit freely, harming Plaintiff's credit reputation, wasting Plaintiff's time, misleading Plaintiff, and is thus liable to Plaintiff for statutory and punitive damages.

68.   Further, Defendant is frustrating Plaintiff's FCRA and CCRAA rights to inspect all information sold about her and correct any inaccuracies as Congress and the California legislature contemplated and without a run-around, and is thus liable to Plaintiff for statutory and punitive damages.

69.   At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

70.   At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff and the Classes herein.

## V.

### CLASS ACTION ALLEGATIONS

71.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

72.   Plaintiff brings this action on behalf of the following Classes:

(a)   All persons residing in the State of California about whom Defendant sold any consumer credit report marking such person as "deceased," but who was not marked as deceased on the government's Death Master File, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case.

(b)   All persons residing in the State of California about whom Defendant sold any consumer credit report during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case.

(c)   All persons residing in the State of California to whom Defendant provided a consumer file concerning that person's own information as assembled

1  by Defendant beginning two (2) years prior to the filing of this Complaint and
2  continuing through the date of the resolution of this case.

3          (d)    All persons residing in the State of California from whom Defendant
4  received a dispute concerning that person's own information as assembled by
5  Defendant beginning two (2) years prior to the filing of this Complaint and
6  continuing through the date of the resolution of this case.

7          73.    The Classes are so numerous that joinder of all members is
8  impracticable. Although the precise number of Class members is known only to
9  Defendant, Plaintiff avers upon information and belief that the Classes number at
10 least in the thousands.

11         74.    There are questions of law and fact common to the Classes that
12 predominate over any questions affecting only individual Class members.  The
13 principal questions concern whether the Defendant violated the FCRA and/or
14 CCRAA by failing to follow reasonable procedures in preparing and selling
15 reports with a "deceased" mark on them; whether Defendant makes proper
16 disclosures under the FCRA and CCRAA; and whether Defendant properly
17 reinvestigates consumer disputes.

18         75.    Plaintiff's claims are typical of the claims of the Classes, which all
19 arise from the same operative facts and are based on the same legal theories.

20         76.    Plaintiff will fairly and adequately protect the interests of the Classes.
21 Plaintiff is committed to vigorously litigating this matter.  Further, Plaintiff has
22 secured counsel experienced in handling consumer class actions.  Neither Plaintiff
23 nor her attorneys has any interests which might cause them not to vigorously
24 pursue this claim.

25         77.    This action should be maintained as a class action because the
26 prosecution of separate actions by individual members of the Classes would create
27 a risk of inconsistent or varying adjudications with respect to individual members
28 which would establish incompatible standards of conduct for the parties opposing

the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

78.   Defendant has acted or refused to act on grounds generally applicable to the Classes.

79.   Whether Defendant violated the FCRA and/or CCRAA can be easily determined by Defendant's policies and a ministerial inspection of Defendant's business records.

80.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in some individual claims.

81.   The identities of the Class members may be derived from Defendant's records.

## VI.

### FIRST CLAIM FOR RELIEF

#### *Violation of FCRA*

82.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

83.   Defendant is a "person," "consumer reporting agency" and "reseller" as those terms are defined by 15 U.S.C. §§ 1681a(b), (f) and (u).

84.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

85.   The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

86.   Pursuant to section 1681n and/or 1681o of the FCRA, Defendant is liable for violating the FCRA by engaging in the following conduct with respect to Plaintiff and the Classes:

(a)   failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold, in violation of 15 U.S.C. § 1681e(b);

(b)   failing to follow reasonable procedures to assure that reports are sold only for legitimate "permissible purposes," in violation of 15 U.S.C. §§ 1681e(a) and/or 1681b;

(c)   failing to disclose to consumers all information in their credit file, in violation of 15 U.S.C. § 1681g(a)(1);

(d)   failing to disclose to consumers a list of the names of any and all entities to which it sold the consumer's report in the previous one-year period, in violation of 15 U.S.C. § 1681g(a)(3)(B);

(e)   failing to provide to consumers the summary of their rights under the FCRA as prepared by the Federal Trade Commission, in violation of 15 U.S.C. § 1681g(c)(2);

(f)   failing to provide to consumers a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours, in further violation of 15 U.S.C. § 1681g(c)(2);

(g)   failing to provide to consumers a list of all federal agencies responsible for enforcing any provision of the FCRA, as well as the address and any appropriate telephone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency, in further violation of 15 U.S.C. § 1681g(c)(2);

(h)   failing to provide to consumers a statement that the consumer may have additional rights under state law, and that the consumer may wish to contact a state or local consumer protection agency or a state attorney general (or the

1 | equivalent thereof) to learn of those rights, in further violation of 15 U.S.C. §
2 | 1681g(c)(2);

3 |     (i)    failing to provide to consumers a statement that a consumer reporting
4 | agency is not required to remove accurate derogatory information from the file of
5 | a consumer, unless the information is outdated under section 1681c of this title or
6 | cannot be verified, in further violation of 15 U.S.C. § 1681g(c)(2);

7 |     (j)    stating on its website that it will not independently reinvestigate
8 | consumer disputes of errors, and as a matter of policy and practice failing to
9 | conduct reinvestigations into consumer disputes that it receives, in direct violation
10 | of 15 U.S.C. § 1681i(a);

11 |     (k)    requiring consumers to make a written, signed dispute, on one of its
12 | forms, and further to include with their dispute a "photo ID, Social Security card,
13 | and/or tax ID card," in further violation of 15 U.S.C. § 1681i(a); and

14 |     (l)    failing to determine whether a disputed item of information is
15 | incomplete or inaccurate as a result of an act or omission of itself as a reseller, in
16 | violation of 15 U.S.C. § 1681i(f).

## VII.

### SECOND CLAIM FOR RELIEF

*Violation of CCRAA*

87.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

88.    Defendant is a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

89.    Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

90.    The above-mentioned credit reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

91.    Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for violating the CCRAA by engaging in the following conduct with respect to Plaintiff and the Classes:

(a)    failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold, in violation of Cal. Civ. Code § 1785.14(b);

(b)    failing to follow reasonable procedures to assure that reports are sold only for legitimate "permissible purposes," in violation of Cal. Civ. Code § 1785.14(a);

(c)    failing to disclose to consumers all information in their credit file, and to provide them with all of their disclosure rights under the CCRAA, in violation of Cal. Civ. Code §§ 1785.10 and 1785.15;

(d)    failing to reinvestigate a consumer's dispute, in further violation of Cal. Civ. Code § 1785.16; and

(e)    requiring consumers to make a written, signed dispute, on one of its forms, and further to include with their dispute a "photo ID, Social Security card, and/or tax ID card," in further violation of Cal. Civ. Code § 1785.16.

## VIII.

### JURY TRIAL DEMAND

92.    Plaintiff demands trial by jury on all issues so triable.

## IX.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in her favor and in the favor of the Classes for the following:

(a)    A determination that this action may proceed and be maintained as a class action under the FCRA and CCRAA;

(b)    Statutory damages of $100 to $1,000 per Class member under the FCRA;

1        (c)    Putative damages of $100 to $5,000 per Class member per violation

2 under the CCRAA;

3        (d)    Actual damages under the FCRA and CCRAA;

4        (e)    Punitive damages under the FCRA;

5        (f)    Injunctive relief under the CCRAA;

6        (g)    Costs and reasonable attorney's fees under the FCRA and CCRAA;

7 and

8        (h)    Such other and further relief as may be necessary, just and proper.

9

10                         **THE WALL LAW OFFICE**

11 Dated: May 13 , 2011

12                         WILLIAM J. WALL

13                         9900 Research Drive

14                         Irvine, CA  92618-4309

                          (949) 387-4300

15

16                         JAMES A. FRANCIS

17                         JOHN SOUMILAS

                        GEOFFREY H. BASKERVILLE

18                         **FRANCIS & MAILMAN, P.C.**

                        Land Title Building, 19th Floor

19                         100 South Broad Street

                        Philadelphia, PA  19110

20                         (215) 735-8600

21

22                         *Attorneys for Plaintiff and the Classes*

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV11- 4265 CAS (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
William J. Wall- State Bar no. 203970
THE WALL LAW OFFICE
9900 Research Drive
Irvine, CA 92618

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GRAMMONT, on behalf of herself and all others similarly situated, PLAINTIFF(S) | CASE NUMBER<br><br>CV 11 - 04265 CAS (DTBx) |
| v. | |
| 700 CREDIT, LLC, DEFENDANT(S). | SUMMONS |

TO:   DEFENDANT(S): 700 CREDIT, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __William J. Wall_____, whose address is __9900 Research Drive, Irvine, CA 92618_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI

Clerk, U.S. District Court

Dated: __MAY 18 2011__

By: _____
L. MURRAY
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>MARY GRAMMONT on behalf of herself and all others similarly situated | DEFENDANTS<br>700 CREDIT, LLC |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>THE WALL LAW OFFICE<br>9900 Research Drive, Irvine, CA 92618<br>Telephone: (949) 387-4300 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No          ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1681 et seq., as amended          Violations of the Fair Credit Reporting Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV   11   -   04265   CAS
(DTBX)

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

MAY 18 2011

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside, CA | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside, CA and other multiple locations not yet determined | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date May 13, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |