CHARLES A. NEWMAN (*pro hac vice*)
MICHAEL J. DUVALL (State Bar No. 276994)
SNR DENTON US LLP
One Metropolitan Square
211 N. Broadway, Suite 3000
St. Louis, Missouri 63102
Telephone: (314) 241-1800
Facsimile: (314) 259-5959

FELIX T. WOO (State Bar No. 208107)
SNR DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Defendant,
as named in Plaintiff's Complaint,
700 Credit, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GRAMMONT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>700 CREDIT, LLC,<br><br>Defendant. | No. CV 11-04265 CAS<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a); MEMORANDUM IN SUPPORT**<br><br>[Filed Contemporaneously With Declarations of Kenneth H. Hill and Michael J. Duvall and Proposed Order]<br><br>Date: August 22, 2011<br>Time: 10:00 a.m.<br>Courtroom: 5<br><br>Hon. Christina A. Snyder |

# NOTICE OF MOTION AND MOTION

Please take notice that on August 22, 2011, at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Christina A. Snyder in Courtroom 5 of the above-referenced Court, Defendant, 700 Credit, LLC,[1] will and hereby does move under 28 U.S.C. § 1404(a), for an order transferring this action to the United States District Court for the Eastern District of Michigan. This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on July 11, 2011 (Duvall Decl. ¶ 3). In support of this motion, Defendant states:

1. This action could have been brought in the Eastern District of Michigan because Defendant has continuous and systematic contacts in that district and thus "resides" there for purposes of establishing venue. *See* 28 U.S.C. § 1391.

2. Transfer of this action to the Eastern District of Michigan would be convenient for the parties and witnesses because: (a) as pleaded by Plaintiff, this case primarily centers on Defendant's policies and practices concerning the assembly and re-sale of reports and products, disclosures to consumers, and response to consumer complaints; (b) Defendant's operations are primarily based in Michigan; (c) most of Defendant's employees are located in Michigan; and (d) key witnesses can more conveniently participate in this case if in Michigan rather than California.

3. Transfer of this action to the Eastern District of Michigan would serve the interests of justice because the majority of evidence and proof is located there and, therefore, it would be less costly to litigate this action in that district. Moreover, Plaintiff's choice of forum should not control this putative class action that involves allegations primarily concerning Defendant's conduct. Also, Plaintiff's primary claims arise under federal law, which the Eastern District of Michigan is fully capable of interpreting and applying.

---

[1] 700 Credit, LLC is incorrectly named as the defendant in this case (*see* Declaration of Kenneth H. Hill ("Hill Decl.") ¶ 2. Defendant intends to substitute the proper party, Open Dealer Exchange, LLC ("ODE"), promptly (*see* Declaration of Michael J. Duvall ("Duvall Decl.") ¶ 4).

-1-
DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER

4. Accordingly, this action should be transferred to the Eastern District of Michigan.

5. Defendant incorporates by reference its Memorandum of Points and Authorities, the Declarations of Kenneth H. Hill and Michael J. Duvall, and Proposed Order, all filed concurrently with this motion.

WHEREFORE, Defendant respectfully requests that the Court transfer this action to the United States District Court for the Eastern District of Michigan and grant any other relief that the Court deems just and proper.

Dated: July 21, 2011              Respectfully submitted,

CHARLES A. NEWMAN
FELIX T. WOO
MICHAEL J. DUVALL
SNR DENTON US LLP

By  /s/ Michael J. Duvall
         Michael J. Duvall

Attorneys for Defendant,
as named in Plaintiff's complaint,
700 Credit, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

Defendant, 700 Credit, LLC,[1] requests transfer of this action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interests of justice. The Eastern District of Michigan has the most significant contacts with the underlying transactions at issue in this action. Troy, Michigan (a suburb of Detroit) is where: (1) the majority of the pertinent evidence is located; (2) many of the witnesses reside; (3) much of the conduct at issue in the Complaint (Doc. 1) occurred; and (4) this action could have been filed. Additionally, Michigan is a more convenient forum for other witnesses involved in this case and will prove a less costly forum to prosecute this action. Other factors in the transfer calculus either are neutral or do not militate against transfer of this action.

Plaintiff claims that ODE (through its "doing business" arm, "700 Credit") violated the Fair Credit Reporting Act ("FCRA") and a state-law counterpart by failing to follow reasonable procedures to ensure maximum possible accuracy, specifically, by re-selling "consumer reports" that mistakenly marked consumers as "deceased" (*id.* ¶ 1). Plaintiff also claims that Defendant violated these statutes by failing to disclose requested information to consumers, re-selling "consumer reports" for "impermissible purposes," and not properly "reinvestigating" consumer disputes (*see id.*).

Although Plaintiff is a resident of California and seeks to represent a class of California consumers, the majority of the evidence and witnesses relating to her averments – which focus of on the conduct and procedures of ODE (*e.g.*, its assembly

---

[1] 700 Credit, LLC no longer is a separately registered limited liability company and in August 2010 was merged into Open Dealer Exchange, LLC ("ODE"), which had acquired the assets of 700 Credit, Inc. in September 2009 (Hill Decl. ¶ 2). Defendant has requested that Plaintiff stipulate to the substitution of ODE as the named defendant in this case (Duvall Dec. ¶ 4). If Plaintiff does not so stipulate, Defendant will move to substitute ODE.

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

and re-sale of reports and products, disclosures to consumers, and reinvestigations) – is located in Troy, Michigan, the headquarters of ODE and the place where nearly all of the company's relevant operations and employees have migrated since ODE purchased 700 Credit, Inc. Other key witnesses of ODE also are closer to Michigan than California (*e.g.*, in New Jersey), and it would be more convenient for them to appear for deposition and trial in Michigan, not California. Since the vast majority of factual investigation, discovery, and briefing will center on the operations of ODE, it will be more convenient for the parties and witnesses to litigate this case in the Eastern District of Michigan. Also, any prejudice to Plaintiff incurred by the transfer of her case is mitigated by ODE's willingness to depose her in California. And because her primary claim is brought under a federal statute, the Eastern District of Michigan is equally capable as this Court of adjudicating Plaintiff's claims.

Accordingly, this case should be transferred to the district with the most significant connection to the case, the Eastern District of Michigan.

## Background

### I.  Plaintiff's Complaint

The bulk of Plaintiff's factual averments involve "Defendant's Credit Reporting Practices" (*see* Doc. 1 ¶¶ 6-46).[2] She claims that ODE assembles and re-sells "consumer reports" to automobile dealerships and is obligated under the FCRA to undertake certain procedures in the preparation of those products or reports (*id.* ¶¶ 6-9). Plaintiff avers that ODE marks a consumer as "deceased" when it is advised by a "consumer reporting agency" ("CRA") (*e.g.*, Equifax, Experian, TransUnion) that the consumer subject of a product or report is deceased but that ODE does not follow reasonable procedures to ensure that those products or reports are accurate and, therefore, ODE re-sells these products or reports without a "permissible purpose" (*id.* ¶¶ 10-31). Plaintiff also claims that when consumers

---

[2] Defendant recites Plaintiff's averments only for the purpose of this motion and does not admit their truth.

complain to ODE about alleged inaccuracies in their products or reports, ODE fails to disclose information required under the FCRA and does not properly "reinvestigate" consumer complaints as required by the FCRA (*id.* ¶¶ 32-46).

Plaintiff avers that she was incorrectly marked as "deceased" on a product sold by ODE to an automobile dealership (*id.* ¶¶ 47-50). Plaintiff provides few details about her particular credit transaction (*e.g.*, she does not state whether the allegedly incorrect marking in any way affected her ability to obtain credit from the dealership), and the vast majority of her averments involve ODE's alleged response to her complaint that the product was incorrect (*id.* ¶¶ 51-70).

Plaintiff seeks to represent several sub-classes of California residents, but those sub-classes are defined largely by reference to ODE's assembly and re-sale of products and its response to consumer disputes (*id.* ¶ 72). Plaintiff avers that the "principal questions" at issue in this case concern ODE's "procedures in preparing and selling reports with a 'deceased' mark on them," disclosures given to consumers, and reinvestigation of consumer disputes (*id.* ¶ 74). She further asserts that whether ODE violated the FCRA and its state-law counterpart "can be easily determined by Defendant's policies and a ministerial inspection of Defendant's business records" (*id.* ¶ 79).

## II.   ODE's Operations

ODE does business as "700 Credit" (Hill Decl. ¶ 2). In September 2009, ODE acquired the assets of 700 Credit, Inc., concurrently formed a limited liability company, and, in August 2010, merged that company (which was known for a short time as 700 Credit, LLC) into ODE (*id.*). 700 Credit, LLC no longer is a separately registered limited liability company, although ODE continues to operate using the 700 Credit name today (*id.*). ODE is a Delaware limited liability company that is headquartered in Troy, Michigan (a suburb of Detroit) (*id.*).

While 700 Credit, Inc. was based primarily in California, since ODE's acquisition, ODE has migrated the company's California operations and employees to

ODE's headquarters in Troy, Michigan (*id.* ¶ 4). ODE's migration of these operations and employees is nearly complete, although a few employees remain in California (*id.*). Of ODE's employees serving the automobile dealer industry, approximately 40 are located in Michigan, while only five remain in California (*id.*). Thus, the majority of relevant ODE employees are located in Michigan, including the company's accounting and human resources departments, as well as half of its compliance department (the other half is in Florida) and the majority of its consumer complaint and customer support department (*id.*). Additionally, ODE's executive management, who make decisions concerning ODE's operations, including its policies and procedures regarding the assembly and re-sale of products and reports, disclosures to consumers, and investigation of consumer complaints, are primarily located in Michigan (*id.* ¶ 5).

ODE provides services to automobile dealerships, including by re-selling them products to assist in evaluating their customers for identity fraud (*id.* ¶ 6). All of ODE's current contracts with its customers (including Plaintiff's dealership) are stored in Michigan (*id.* ¶ 7). ODE's products and reports concerning consumers like Plaintiff that ODE re-sells to its customers are stored electronically, and any changes to those products are initiated and made through ODE's headquarters in Michigan (*id.* ¶ 8).

When an automobile dealership orders a product or report from ODE, it in turn orders reports from CRAs like Experian and then assembles those reports into a unique ODE product or report (*id.* ¶ 9). Much of this ordering, assembly, and re-sale is performed electronically, but decisions concerning the production of these products and reports are made in Michigan (*id.*).

If a consumer complains to ODE that information contained in a report or product is inaccurate, or a consumer requests information from ODE, a member of ODE's consumer complaint department oversees the company's response to the

-4-
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER

complaint (*id.* ¶ 10). Currently, one member of that department remains in California, and one is in Florida, but the rest are in Michigan (*id.*).

## Argument

### I. Standard For Transfer Under 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "A motion for transfer pursuant to § 1404(a) lies within the discretion of the district court, and its outcome depends on the facts of each case. *L.A. Printex Indus. v. Le Chateau, Inc.*, 2011 U.S. Dist. LEXIS 66097, at *7 (C.D. Cal. June 20, 2011) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)); *see also Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In analyzing the "interests of justice," a number of factors are relevant, including: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Szegedy v. Keystone Food Prods.*, 2009 U.S. Dist. LEXIS 83444, at *5 (C.D. Cal. Aug. 26, 2009) (Snyder, J.) (granting motion to transfer) (citations omitted). With respect to a plaintiff's choice of forum, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

### II. This Action Might Have Been Brought In The Eastern District of Michigan.

Whether an action "might have been brought" in the proposed transferee court depends on whether the action could have been properly commenced in that district.

*Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).  Under 28 U.S.C. § 1391, venue is proper:  (1) in a district in which any defendant resides (if all defendants reside in the same state); or (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred.  A limited liability company "resides" for the purposes of venue in any district in which it is subject to personal jurisdiction.  *See, e.g.*, *Overstock.com, Inc. v. Furnace Brook, LLC*, 420 F. Supp. 2d 1217, 1223 (D. Utah 2005); *see also* 28 U.S.C. § 1391(c).  A limited liability company is subject to personal jurisdiction where it has continuous or systematic contacts.  *See, e.g.*, *Huff v. Liberty League Int'l, LLC*, 2009 U.S. Dist. LEXIS 38502, at *6 (C.D. Cal. Apr. 14, 2009) (citations omitted).

This action could have been brought in the Eastern District of Michigan.  ODE, which does business as 700 Credit, "resides" in that district because it has continuous and systematic contacts there, including approximately 40 employees in several departments (Hill Decl. ¶¶ 2, 4).  Moreover, since the product and services (*e.g.*, investigation of her complaint; disclosures to her) about which Plaintiff complains are initiated and implemented in Troy, a substantial part of the events giving rise to her claim occurred there (*id.* ¶ 5).  Thus, venue would have been proper in that district.

### III.  Transfer Would Be Convenient For The Parties And Witnesses.

As detailed above, the vast majority of Plaintiff's averments center on ODE's, not Plaintiff's, alleged conduct.  Thus, it is fair to conclude that much of the investigation, discovery, and motion practice in this case, particularly leading up to a potential class certification determination, will be on ODE's conduct, practices, and procedures.  Indeed, Plaintiff claims that the "principal questions" in this case concern ODE's procedures and that whether it violated the FCRA can be determined by reference to ODE's records (Doc. 1 ¶¶ 74, 79).  And of course, in a putative class action like this case, the certification determination often is *the* significant litigation event.  *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1752 (2011); *Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 745 (7th Cir. 2008).  Since

Plaintiff focuses her claims on ODE's operations, the "convenience" factor should be analyzed in that context. *See, e.g.*, *In re Yahoo! Inc.*, 2008 U.S. Dist. LEXIS 20605, at *8 (C.D. Cal. Mar. 10, 2008) (Snyder, J.); *Foster v. Nationwide Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 95240, at *18 (N.D. Cal. Dec. 14, 2007).

Here, Nearly all of ODE's relevant employees are located in Michigan, not California (Hill Decl. ¶ 4). Decisions concerning ODE's operations, including how it assembles and re-sells reports and products like those implicated by Plaintiff's Complaint, are made primarily in Michigan (*id.* ¶ 5). Likewise, the formulation and implementation of policies and practices concerning disclosures to consumers as well as responses to consumer disputes occur in Michigan (*id.*). Additionally, ODE's departments formerly in California have migrated or are in the process of migrating to Michigan, and its important hard-copy documents (including its contracts with dealership customers) have been transferred there (*id.* ¶¶ 4, 7).

Since Plaintiff's averments focus on ODE's conduct (*e.g.*, its procedures to ensure accuracy, disclosures given to consumers, and extent of reinvestigation of consumer complaints), the location of ODE in Michigan weighs in favor of transfer. *See, e.g.*, *In re Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *8 (Snyder, J.) (granting defendants' motion to transfer in securities case and noting that the location of defendants was a "weighty consideration" in transferring "because plaintiffs' allegations focus on defendants' conduct"); *Foster*, 2007 U.S. Dist. LEXIS 95240, at *18 (granting motion to transfer to forum of defendant's headquarters when many of witnesses were located there and the case centered on allegations of the defendant's policies and procedures).

Additionally, other key witnesses of ODE, including those familiar with its operations about which Plaintiff complains and with Plaintiff's individual transaction, are not located in California but rather in New Jersey and Florida, respectively (Hill Decl. ¶¶ 11-12). It would be more convenient for these witnesses to participate in this action if it were located in Michigan, given the reduction in travel and

-7-
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER

considering that ODE's headquarters are located there, minimizing the disruption to these employees' day-to-day work activities (*id.*).  *See Foster*, 2007 U.S. Dist. LEXIS 95240, at *8 (transferring case to Ohio, the location of the defendant's headquarters, in part because some key management witnesses resided in Iowa and Florida, making Ohio a more convenient forum than California).  Furthermore, the attendant costs of travel will be reduced for all parties and witnesses if this case is shifted to Michigan, where most of ODE's operations are located.  Indeed, ODE's declarant and Managing Director of its 700 Credit division is willing to give a deposition, if called, in Michigan, rather than in his home state of New Jersey (Hill Decl. ¶ 11).

Plaintiff likely will argue that she is a California resident and seeks to represent California sub-classes; thus, it would be inconvenient for her to litigate this case in Michigan rather than California.  However, ODE is willing to depose Plaintiff in her home forum, thereby eliminating any claimed inconvenience to her during the discovery and class certification stage.  Also, the putative class members, who are not parties to this action unless a class is certified, are unaffected by the choice of forum, as they likely will not be subject to any discovery or other participatory obligations.  *See, e.g.*, *Flint v. UGS Corp.*, 2007 U.S. Dist. LEXIS 94643, at *8-9 (N.D. Cal. Dec. 12, 2007) (denying motion to transfer and rejecting argument that proposed transferee forum would be more convenient for class members because they were unlikely to actively participate in case); Rubenstein, Conte & Newberg, 5 Newberg on Class Actions § 16:2 (4th ed. 2011) ("In almost all cases, discovery of class facts is sought, not informally from absent class members, but formally from the defendants.").  ODE also notes that Plaintiff's lead counsel are located in Philadelphia, Pennsylvania and, therefore, would be equally, if not better equipped, to prosecute this case in Michigan (*see* Doc. 1 at 17).

### IV.   Transfer Would Serve The Interests Of Justice.

Several of the interest-of-justice factors weigh also in favor of transfer.  As detailed above, while ODE has contacts with this District, it has more significant

contacts in the Eastern District of Michigan (Hill Decl. ¶¶ 2, 4-5, 7, 9-10).  And since the majority of ODE's employees, operations, and documents are located there, and those sources of proof will be central to this case, it will be less costly to litigate this case in Michigan instead of California (*see id.*).  Simply put, the evidence at issue in this case is more accessible in Michigan than in California, weighing in favor of transfer.

Other factors are neutral and certainly do not weigh against transfer.  While Plaintiff may argue that she applied for credit in California, her Complaint details few of the circumstances surrounding that transaction and instead focuses on ODE's conduct (*see* Doc. 1 ¶¶ 6-46).  Thus, the location of any relevant agreements does not weigh against transfer, as Plaintiff's Complaint makes clear that she considers ODE's practices in assembling and re-selling reports and products, providing disclosures to consumers, and reinvestigating alleged errors, not her own credit transaction, most important to this case.

With respect to the governing law, Plaintiff's primary claims are for violations of the FCRA, as she lists 12 purported negligent and willful violations of that statute (*id.* ¶ 86).  Undoubtedly, a federal court in Michigan is equally capable of applying federal law as this Court.  *See, e.g.*, *Zeta-Jones v. The Spice House*, 372 F. Supp. 2d 568, 576 (C.D. Cal. 2005) (Snyder, J.) (transferring case and expressing "no doubt that a federal court in Nevada is well able to apply the relevant law governing this dispute," including the federal Lanham Act).  While Plaintiff also asserts claims under California's FCRA counterpart, the Michigan court is fully capable of adjudicating those claims as well.  *See id.* (transferring case involving several claims asserted under California common law, the California Celebrity Rights Act, and the California UCL to Nevada district court); *Foster*, 2007 U.S. Dist. LEXIS 95240, at *16.  Indeed, the California Consumer Credit Reporting Agencies Act ("CCRAA") is "substantially based on the Federal Fair Credit Reporting Act," and, therefore, "judicial interpretation of the federal provisions is persuasive authority and entitled to

1  substantial weight when interpreting the California provisions." *Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 889 (9th Cir. 2010) (citation and quotations omitted). Thus, the Michigan court should have little trouble adjudicating Plaintiff's state-law claim as well.  Moreover, "where a federal court's jurisdiction is based on the existence of a federal question, as it is here, one forum's familiarity with supplemental state law claims should not override other factors favoring a different forum." *Foster*, 2007 U.S. Dist. LEXIS 95240, at *16 (citation omitted); *see also Hoefer v. U.S. Dep't of Commerce*, 2000 U.S. Dist. LEXIS 9299, at *8 (N.D. Cal. June 28, 2000) ("[W]hen the gravamen of the case involves federal law, a state law claim is usually not a significant consideration on a motion to transfer venue.") (citation omitted).

Plaintiff also will argue that her choice of forum should be given deference. However, because she brings this case as a putative class action, her choice of forum is given less weight that usual. *See, e.g.*, *Ward v. Fluor Enters., Inc.*, 2011 U.S. Dist. LEXIS 24705, at *8-9 (N.D. Cal. Mar. 1, 2011); *Metz v. United States Life Ins. Co.*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) ("Similarly, the Ninth Circuit like other courts, has noted that the weight to be given the plaintiff's choice of forum is discounted  where the action is a class action.") (citation and quotations omitted). ODE recognizes that Plaintiff seeks to represent putative California sub-classes, but, as noted, those potential class members are unlikely to participate in this litigation and thus are unaffected by the location of this action. *See, e.g.*, *Flint*, 2007 U.S. Dist. LEXIS 94643, at *8-9.  Moreover, courts have recognized that a putative class action involving allegations of a corporate defendant's policies and procedures may be best litigated near the company's headquarters, not necessarily in the state of the putative class members' residence. *See, e.g.*, *Foster*, 2007 U.S. Dist. LEXIS 95240, at *2 (transferring putative class action brought on behalf of nationwide and California classes from California to Ohio).

## Conclusion

For these reasons, this Court should grant Defendant's motion to transfer this action to the Eastern District of Michigan.

Respectfully submitted,

Dated:  July 21, 2011

CHARLES A. NEWMAN
FELIX T. WOO
MICHAEL J. DUVALL
SNR DENTON US LLP

By  /s/ Michael J. Duvall
        Michael J. Duvall

Attorneys for Defendant,
as named in Plaintiff's complaint,
700 Credit, LLC

## PROOF OF SERVICE

I am employed in the County of St. Louis, State of Missouri. I am over the age of eighteen and not a party to the within action; my business address is 211 North Broadway, Suite 3000, St. Louis, Missouri 63102.

I hereby certify that on July 21, 2011, I electronically filed the foregoing document, entitled **DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(A); MEMORANDUM IN SUPPORT**, with the Clerk of the Court using the ECF system, which will send notification of such filing to the following parties:

> Geoffrey H. Baskerville
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> James A. Francis
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> James Soumilas
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> William J. Wall
> The Wall Law Office
> 9900 Research Drive
> Irvine, CA 92618-4309

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2011, at St. Louis, Missouri.

/s/Hana C. Olliges
Hana C. Olliges