CHARLES A. NEWMAN (*pro hac vice*)
MICHAEL J. DUVALL (State Bar No. 276994)
SNR DENTON US LLP
One Metropolitan Square
211 N. Broadway, Suite 3000
St. Louis, Missouri 63102
Telephone: (314) 241-1800
Facsimile: (314) 259-5959

FELIX T. WOO (State Bar No. 208107)
SNR DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Defendant,
as named in Plaintiff's Complaint,
700 Credit, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GRAMMONT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>700 CREDIT, LLC,<br><br>Defendant. | No. CV 11-04265 CAS<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

# ANSWER

Defendant, 700 Credit, LLC,[1] answers Plaintiff's Class Action Complaint for Violations of the Fair Credit Reporting Act (Doc. 1).

## Preliminary Statement

1. The first and second sentences of Paragraph 1 contain legal conclusions to which no response is required. Defendant denies the averments in the third sentence of Paragraph 1. The fourth sentence of Paragraph 1 contains legal conclusions to which no response is required. Defendant denies the averments in the fifth and sixth sentences of Paragraph 1. The seventh sentence of Paragraph 1 contains legal conclusions to which no response is required. Defendant denies the averments in the eighth sentence of Paragraph 1.

## Jurisdiction and Venue

2. Paragraph 2 contains legal conclusions to which no response is required.

3. Paragraph 3 contains legal conclusions to which no response is required.

## Parties

4. Defendant is without sufficient information to admit or deny the averments in Paragraph 4 and therefore denies them.

5. Defendant admits that it does business as "700 Credit" in the Central District of California. Defendant denies the remaining averments in Paragraph 5.

## Factual Allegations

6. Paragraph 6 contains legal conclusions to which no response is required.

7. Paragraph 7 contains legal conclusions to which no response is

---

[1] 700 Credit, LLC is incorrectly named as the defendant in this case. Defendant intends to substitute the proper party, Open Dealer Exchange, LLC ("ODE"), promptly.

-2-
DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES

required.

8. Paragraph 8 contains legal conclusions to which no response is required.

9. Paragraph 9 contains legal conclusions to which no response is required.

10. Defendant denies the averments of Paragraph 10.

11. Defendant denies the averments of Paragraph 11.

12. Defendant denies the averments of Paragraph 12.

13. Defendant denies the averments of Paragraph 13.

14. Defendant is without sufficient information to admit or deny the averments in Paragraph 14 and therefore denies them.

15. Defendant is without sufficient information to admit or deny the averments in Paragraph 15 and therefore denies them.

16. Defendant denies the averments of Paragraph 16.

17. Defendant denies the averments of Paragraph 17.

18. Defendant denies the averments of Paragraph 18.

19. Defendant is without sufficient information to admit or deny the averments in Paragraph 19 and therefore denies them.

20. Defendant denies the averments of Paragraph 20.

21. Defendant denies the averments of Paragraph 21.

22. Defendant denies the averments of Paragraph 22.

23. Defendant denies the averments of Paragraph 23.

24. Defendant denies the averments of Paragraph 24 as stated.

25. Defendant denies the averments of Paragraph 25 as stated.

26. Defendant is without sufficient information to admit or deny the averments in Paragraph 26 and therefore denies them.

27. Defendant is without sufficient information to admit or deny the averments in Paragraph 27 and therefore denies them.

28. Paragraph 28 contains legal conclusions to which no response is required.

29. Paragraph 29 contains legal conclusions to which no response is required.

30. Defendant denies the averments of Paragraph 30.

31. Defendant is without sufficient information to admit or deny the averments in Paragraph 31 and therefore denies them.

32. Paragraph 32 contains legal conclusions to which no response is required.

33. Defendant denies the averments of Paragraph 33.

34. Defendant admits the averments of Paragraph 34.

35. Defendant denies the averments of Paragraph 35.

36. Defendant denies the averments of Paragraph 36.

37. Defendant denies the averments of Paragraph 37.

38. Defendant denies the averments of Paragraph 38.

39. Defendant denies the averments of Paragraph 39.

40. Defendant denies the averments of Paragraph 40.

41. Defendant denies the averments of Paragraph 41.

42. Defendant denies the averments of Paragraph 42.

43. Defendant denies the averments of Paragraph 43.

44. Paragraph 44 contains legal conclusions to which no response is required.

45. Defendant denies the averments of Paragraph 45.

46. Defendant denies the averments of Paragraph 46.

### The Experience of the "Representative Plaintiff"

47. Defendant denies the averments of Paragraph 47.

48. Defendant denies the averments of Paragraph 48.

49. Defendant is without sufficient information to admit or deny the

averments in Paragraph 49 and therefore denies them.

50. Defendant is without sufficient information to admit or deny the averments in Paragraph 50 and therefore denies them.

51. Defendant is without sufficient information to admit or deny the averments in the first sentence of Paragraph 51 and therefore denies them. Defendant admits that Plaintiff stated to Defendant as quoted in the second sentence of Paragraph 51 and denies the remaining averments of Paragraph 51.

52. Defendant admits the averments contained in the first sentence of Paragraph 52. The second sentence of Paragraph 52 contains legal conclusions to which no response is required.

53. Defendant admits that it stated to Plaintiff as quoted in Paragraph 53 and denies the remaining averments of Paragraph 53.

54. Defendant admits that it lists on its website Experian and TransUnion, among others, as "partners." The remaining averments of Paragraph 54 contain legal conclusions to which no response is required.

55. Defendant is without sufficient information to admit or deny the averments in Paragraph 55 and therefore denies them.

56. Defendant is without sufficient information to admit or deny the averments in Paragraph 56 and therefore denies them.

57. Defendant admits that Plaintiff sent it a letter dated November 29, 2010, in which she requested "a copy of my 700 Credit report." Defendant is without sufficient information to admit or deny the remaining averments in Paragraph 57 and therefore denies them.

58. Defendant states that it mailed to Plaintiff a letter dated December 3, 2010, and that the referenced attachments, if any, speak for themselves and that no further response is required.

59. Defendant states that the referenced attachments speak for themselves and that no further response is required.

60. Defendant states that the referenced attachments speak for themselves and that no further response is required.

61. Defendant states that the referenced attachments speak for themselves and that no further response is required.

62. Defendant is without sufficient information to admit or deny the averments in Paragraph 62 and therefore denies them.

63. Defendant is without sufficient information to admit or deny the averments in Paragraph 63 and therefore denies them.

64. Paragraph 64 contains legal conclusions to which no response is required.

65. Paragraph 65 contains legal conclusions to which no response is required.

66. Defendant denies the averments of Paragraph 66.

67. Defendant denies the averments of Paragraph 67.

68. Defendant denies the averments of Paragraph 68.

69. Paragraph 69 contains legal conclusions to which no response is required.

70. Defendant denies the averments of Paragraph 70.

### Class Action Allegations

71. Defendant incorporates its responses to the foregoing paragraphs.

72. Defendant admits that Plaintiff purports to bring this action on behalf of the putative classes identified in Paragraph 72 and its sub-parts. Defendant denies that those putative classes are permitted under Fed. R. Civ. P. 23.

73. Defendant denies the averments of Paragraph 73.

74. Defendant denies the averments of Paragraph 74.

75. Defendant denies the averments of Paragraph 75.

76. Defendant denies the averments of Paragraph 76.

77. Defendant denies the averments of Paragraph 77.

78. Defendant denies the averments of Paragraph 78.

79. Defendant denies the averments of Paragraph 79.

80. Defendant denies the averments of Paragraph 80.

81. Defendant denies the averments of Paragraph 81.

### First Claim for Relief

### *Violation of FCRA*

82. Defendant incorporates its responses to the foregoing paragraphs.

83. Paragraph 83 contains legal conclusions to which no response is required.

84. Paragraph 84 contains legal conclusions to which no response is required.

85. Paragraph 85 contains legal conclusions to which no response is required.

86. Defendant denies the averments of Paragraph 86 and its sub-parts.

### Second Claim for Relief

### *Violation of CCRAA*

87. Defendant incorporates its responses to the foregoing paragraphs.

88. Paragraph 88 contains legal conclusions to which no response is required.

89. Paragraph 89 contains legal conclusions to which no response is required.

90. Paragraph 90 contains legal conclusions to which no response is required.

91. Defendant denies the averments of Paragraph 91 and its sub-parts.

### Jury Trial Demand

92. Defendant also demands a jury trial.

**Prayer for Relief**

Defendant denies that Plaintiff or the putative classes are entitled to any relief.

**AFFIRMATIVE DEFENSES**

**Against the Named Plaintiff**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because any violation of a statute by Defendant was not negligent.

3. Plaintiff's claims are barred because any violation of a statute by Defendant was not willful.

4. Plaintiff's claims are barred because the transaction about which she complains was not governed by the FCRA or CCRAA.

5. Plaintiff's claims are barred because, if it was required to do so, Defendant followed reasonable procedures to assure maximum possible accuracy.

6. Plaintiff's claims are barred because Defendant sold products and reports for permissible purposes.

7. Plaintiff's claims are barred because Defendant made all the disclosures, statements, summaries, lists, and the like that it was required to provide to Plaintiff, if it was required to provide any such disclosures, statements, summaries, lists, or the like.

8. Plaintiff's claims are barred because Defendant properly reinvestigated Plaintiff's claim, if it was required to do so.

9. Plaintiff lacks standing to sue under Article III of the Untied States Constitution because she suffered no cognizable injury in fact.

10. Plaintiff cannot recover damages from Defendant because she incurred no actual damages.

11. Plaintiff cannot recover under state law because her claims are preempted by federal law.

12. Plaintiff's claims are barred by the applicable statute of limitations.

13. Plaintiff's claims are barred by the doctrine of laches.

14. Plaintiff must arbitrate her individual claims pursuant to the terms of an arbitration agreement.

15. Plaintiff has released or settled her claims.

16. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

17. Plaintiff's claims are barred by the doctrine of estoppel.

18. Plaintiff's claims are barred by the doctrine of waiver.

19. Plaintiff's claims are barred because the complained-of acts were caused by one or more third parties that are not defendants to this action.

20. Plaintiff is not entitled to recover punitive or statutory damages because an imposition of those damages would violate the Fifth Amendment to the United States Constitution and its state counterparts by exposing Defendant to multiple punishments and fines for the same act or conduct.

21. Plaintiff is not entitled to recover punitive or statutory damages because an imposition of those damages would violate the Eighth Amendment to the United States Constitution and its state counterparts by subjecting Defendant to an excessive fine that is penal in nature.

22. Plaintiff is not entitled to recover punitive or statutory damages because an imposition of those damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and their state counterparts in the absence of an order bifurcating adjudication of those claims from an adjudication of liability.

23. Plaintiff is not entitled to recover punitive or statutory damages because an imposition of those damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and their state counterparts by exposing Defendant to grossly disproportionate damages in relation to the alleged conduct that was not willful or deliberate.

24. Defendant reserves the right to raise additional defenses against

Plaintiff of which it becomes aware during its defense of this case.

## Against the Putative Classes

It is impossible at this time to know the identity of all persons included in the putative classes and all of the applicable defenses to those persons' claims. Accordingly, on information and belief, each of the following defenses could be applicable to certain putative class members.

1. One or more of the putative class members fail to state a claim upon which relief can be granted.

2. One or more of the putative class members' claims are barred because any violation of a statute by Defendant was not negligent.

3. One or more of the putative class members' claims are barred because any violation of a statute by Defendant was not willful.

4. One or more of the putative class members' claims are barred because their transactions were not governed by the FCRA or CCRAA.

5. One or more of the putative class members' claims are barred because, if it was required to do so, Defendant followed reasonable procedures to assure maximum possible accuracy.

6. One or more of the putative class members' claims are barred because Defendant sold products and reports for permissible purposes.

7. One or more of the putative class members' claims are barred because Defendant made all the disclosures, statements, summaries, lists, and the like that it was required to provide to one or more of the putative class members, if it was required to provide any such disclosures, statements, summaries, lists, or the like.

8. One or more of the putative class members claims are barred because Defendant properly reinvestigated one or more of the putative class members' claims, if it was required to do so.

9. One or more of the putative class members lack standing to sue under Article III of the Untied States Constitution because she suffered no cognizable

injury in fact.

10. One or more of the putative class members cannot recover damages from Defendant because he or she incurred no actual damages.

11. One or more of the putative class members cannot recover under state law because his or her claims are preempted by federal law.

12. One or more of the putative class members' claims are barred by the applicable statute of limitations.

13. One or more of the putative class members' claims are barred by the doctrine of laches.

14. One or more of the putative class members must arbitrate his or her individual claims pursuant to the terms of an arbitration agreement.

15. One or more of the putative class members has released or settled his or her claims.

16. One or more of the putative class members' claims are barred by the doctrine of accord and satisfaction.

17. One or more of the putative class members' claims are barred by the doctrine of estoppel.

18. One or more of the putative class members' claims are barred by the doctrine of waiver.

19. One or more of the putative class members' claims are barred because the complained-of acts were caused by one or more third parties that are not defendants to this action.

20. One or more of the putative class members are not entitled to recover punitive or statutory damages because an imposition of those damages would violate the Fifth Amendment to the United States Constitution and its state counterparts by exposing Defendant to multiple punishments and fines for the same act or conduct.

21. One or more of the putative class members are not entitled to recover punitive or statutory damages because an imposition of those damages would violate

the Eighth Amendment to the United States Constitution and its state counterparts by subjecting Defendant to an excessive fine that is penal in nature.

22. One or more of the putative class members are not entitled to recover punitive or statutory damages because an imposition of those damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and their state counterparts in the absence of an order bifurcating adjudication of those claims from an adjudication of liability.

23. One or more of the putative class members are not entitled to recover punitive or statutory damages because an imposition of those damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and their state counterparts by exposing Defendant to grossly disproportionate damages in relation to the alleged conduct that was not willful or deliberate.

24. Defendant reserves the right to raise additional defenses against the putative class members of which it becomes aware during its defense of this case.

### Jury Demand

Defendant demands a jury trial.

### Prayer for Relief

Wherefore, Defendant prays for judgment against Plaintiff and the putative classes, including that the Court:

1. Dismiss Plaintiff's Complaint with prejudice;
2. Decline to certify the putative classes;
3. Award no relief to Plaintiff or the putative classes;
4. Award Defendant costs incurred in defending this action; and
5. Award Defendant all other relief deemed just and proper.

| | | |
|---|---|---|
| 1 | Dated: July 21, 2011 | SNR DENTON US LLP |
| 2 | | |
| 3 | | |
| 4 | | /s/ Michael J. Duvall<br>Michael J. Duvall |
| 5 | | Attorneys for Defendant, |
| 6 | | as named in Plaintiff's Complaint,<br>700 CREDIT, LLC |

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## PROOF OF SERVICE

I am employed in the County of St. Louis, State of Missouri. I am over the age of eighteen and not a party to the within action; my business address is 211 North Broadway, Suite 3000, St. Louis, Missouri 63102.

I hereby certify that on July 21, 2011, I electronically filed the foregoing document, entitled DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES; JURY TRIAL DEMANDED, with the Clerk of the Court using the ECF system, which will send notification of such filing to the following parties:

> Geoffrey H. Baskerville
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> James A. Francis
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> James Soumilas
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> William J. Wall
> The Wall Law Office
> 9900 Research Drive
> Irvine, CA 92618-4309

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2011, at St. Louis, Missouri.

/s/Hana C. Olliges
Hana C. Olliges