William J. Wall (State Bar No. 203970)
wwall@wall-law.com
THE WALL LAW OFFICE
9900 Research Drive
Irvine, CA  92618
Telephone:  (949) 387-4300
Facsimile:   (800) 722-8196

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
Geoffrey H. Baskerville (*pro hac vice*)
FRANCIS & MAILMAN. P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone:  (215)735-8600
Facsimile:   (215) 940-8000

Attorneys for Plaintiff
MARY GRAMMONT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARY GRAMMONT,** | Case No.: 2:11-cv-04265-CAS-DTB |
| **Plaintiff,** | |
| vs. | **PLAINTIFF MARY GRAMMONT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE** |
| **700 CREDIT, LLC,** | |
| **Defendant.** | |

## **TABLE OF CONTENTS**

Table of Authorities .................................................................................................. ii

**I.    INTRODUCTION** ........................................................................................ 1

**II.   BACKGROUND** .......................................................................................... 2

**III.  ARGUMENT** ................................................................................................ 5

    A. The State That Is Most Familiar With The Governing Law ...................... 6

    B. The Plaintiff's Choice Of Forum ................................................................ 7

    C. The Respective Parties' Contacts With The Forum ................................... 8

    D. The Contacts Relating To The Plaintiff's Cause Of Action In The
       Chosen Forum ........................................................................................ 10

    E. The Differences In The Costs Of Litigation In The Two Forums ............ 10

    F. The Availability Of Compulsory Process To Compel Attendance Of
       Unwilling Non-Party Witnesses ............................................................. 11

    G. The Ease Of Access To Sources Of Proof ................................................ 12

        1. Documents ......................................................................................... 12

        2. Witnesses ........................................................................................... 12

    H. The Relevant Public Policy Of The Forum State, If Any ........................ 13

**IV.   CONCLUSION** ........................................................................................... 13

## **TABLE OF AUTHORITIES**

### **CASES**

*Akselrod v. Check Systems, Inc.*,
   2005 WL 1492390 (C.D. Cal. June 6, 2005) ................................................................ 7

*Bateman v. Amer. Multi-Cinema, Inc.*,
   623 F.3d 708 (9th Cir. 2010) ................................................................ 6-7

*Carvalho v. Equifax Info. Servs., LLC*,
   629 F.3d 876 (9th Cir. 2010) ................................................................ 6-7

*Decker Coal Co. v. Commw. Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ................................................................ 6, 7

*Dennis v. BEH-1*,
   520 F.3d 1066 (9th Cir. 2008) ................................................................ 6-7

*Florens Container v. Cho Yang Shipping*,
   245 F. Supp. 2d 1086 (N.D. Cal. 2002) ................................................................ 6

*Getz v. Boeing Co.*,
   547 F. Supp. 2d 1080 (N.D. Cal. 2008) ................................................................ 7

*Gorman v. Wolpoff & Abramson, LLP*,
   584 F.3d 1147 (9th Cir. 2009) ................................................................ 6-7

*Guimond v. Trans Union*,
   45 F.3d 1329 (9th Cir. 1995) ................................................................ 6-7

*Harms v. Experian Info. Solutions, Inc.*,
   2007 WL 1430085 (N.D. Cal. May 14, 2007) ................................................................ 6

*In re Ferrero Litig.*,
   768 F. Supp. 2d 1074 (S.D. Cal. 2011) ................................................................ 7, 8, 8

*In re Yahoo!, Inc.*,
   2008 WL 707405 (C.D. Cal. Mar. 10, 2008) ................................................................ 11

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ................................................................ 5, 5, 6

*Nelson v. Chase Manhattan Mortg. Corp.*,
 282 F.3d 1057 (9th Cir. 2002) ............................................................................... 6-7

*Pintos v. Pacific Creditors Assoc.*,
 605 F.3d 665 (9th Cir. 2010) .................................................................................. 6-7

*Piper Aircraft Co. v. Reyno*,
 454 U.S. 235 (1981) ..................................................................................................6

*Roling v. E*Trade Securities, LLC*,
 756 F. Supp. 2d 1179 (N.D. Cal. 2010) ...................................................................7

*Valentine v. First Advantage Safe Rent, Inc.*,
 2009 WL 4349694 (C.D. Cal. Nov. 23, 2009) .........................................................7

*Yourke v. Experian Info. Solutions, Inc.*,
 2007 WL 1795705 (N.D. Cal. June 20, 2007) .........................................................7

**STATUTES**

15 U.S.C. § 1681a(e) (2010) ............................................................................................1

15 U.S.C. § 1681a(u) (2010) ............................................................................................1

**OTHER SOURCES**

http://www.experian.com/corporate/experian-locations.html ...............................11

http://www.transunion.com/corporate/personal/consumerSupport/contactUs.page11

## I. **INTRODUCTION**

Plaintiff Mary Grammont respectfully submits this Memorandum of Law in opposition to Defendant 700 Credit, LLC's ("700 Credit") Motion to Transfer Venue away from the Central District of California -- the District in which the Plaintiff resides, where 700 Credit conducts business, and where the events that gave rise to this action occurred. 700 Credit's Motion is simply an attempt at forum-shopping, for a forum that the defense perceives as more friendly to its interests. Indeed, none of the events that gave rise to this action occurred in Defendant's preferred venue (the Eastern District of Michigan), several of Defendant's own employees with potential information about this matter or located in California (and other locations like New Jersey and Florida), and Plaintiff and the classes in this matter reside in California. Because Defendant has failed to meet its burden of demonstrating that the convenience of the parties and witnesses and the interests of justice would require a transfer of venue in this action, its Motion should be denied.

This is a consumer protection class action brought by a California consumer under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1-1787.3. Plaintiff seeks to represent four classes of similarly situated California consumers including a class of California consumers who were inaccurately reported as being "deceased" on credit reports sold by 700 Credit. Defendant 700 Credit is regulated as a "consumer reporting agency" ("CRA") and "reseller" under the FCRA. 15 U.S.C. § 1681a(e); 15 U.S.C. § 1681a(u) (reseller is CRA). (Dkt. No. 1, Compl. at ¶ 1). Defendant is also similarly regulated as a "consumer credit reporting agency" ("CRA") under the CCRAA. Cal. Civ. Code § 1785.3(d). (Dkt. No. 1, Compl. at ¶ 1).

There is no doubt that this Court has jurisdiction over this matter, pursuant to 15 U.S.C. § 1681p, and that venue is proper under 28 U.S.C. § 1391(b). 700

Credit, however, now moves to transfer venue, pursuant to 28 U.S.C. § 1404(a), allegedly for the "convenience of the parties and witnesses." Defendant is actually seeking to make litigation more difficult, not more convenient, in this matter. Further, Defendant seeks a perceived strategic advantage by avoiding the jurisdiction of this Court and Ninth Circuit FCRA precedent, despite the fact that it conducts its business right here in the Central District of California. (Dkt. No. 18, Def.'s Answer to Plaintiff's Compl. at ¶ 5).

Despite all of its arguments, Defendant has not met its burden of establishing that transferring this case from a proper venue is appropriate, as opposed to merely desired for the perceived strategic advantage of the defense. Defendant's motion should, therefore, be denied.

## II.   BACKGROUND

Plaintiff Mary Grammont is a resident of Desert Hot Springs, California, which is in the Central District of California. (Baskerville Decl. at ¶ 3; Exhibit 1). Plaintiff sued 700 Credit under FCRA sections 1681e, 1681i and 1681g and under CCRAA sections 1785.14(a), 1785.14(b), 1785.10, 1785.15 and 1785.16 on behalf of four classes of similarly situated California consumers claiming, *inter alia*, that 700 Credit did not follow procedures that assured the maximum possible accuracy of the credit reports that it sold about them. (Dkt. No. 1, Compl. at ¶¶ 82-91).

On August 22, 2010, Plaintiff was marked as "deceased" by Defendant on her 700 Credit report that was sold to the Moss Brothers Chevrolet car dealership located in Moreno Valley, California. Moreno Valley is in the Central District of California. (Baskerville Decl. at ¶ 4; Exhibit 2). Specifically, the 700 Credit report delivered by Defendant to Moss Brothers Chevrolet falsely provided that Plaintiff was "reported as deceased." Plaintiff is not deceased. The Social Security Administration has not marked Plaintiff as deceased on the Death Master File. (Baskerville Decl. at ¶ 5; Exhibit 3).

1  In early October 2010, Plaintiff attempted to identify the source of this error. Specifically, Plaintiff disputed with Defendant on October 4, 2010, advising, *inter alia*, "I am reported as dead. I am not." In disputing, Plaintiff followed the instructions provided by Defendant and sent her dispute to "700 Credit LLC, Consumer Dispute Department, 223 W. 190th Street, Torrance, CA 90504, FAX: (310) 327-1301." (Baskerville Decl. at ¶ 6; Exhibit 4). Torrance, California is within the Central District of California. (Baskerville Decl. at ¶ 7; Exhibit 5). Further, 700 Credit's "Consumer Dispute Policy" on its website directs consumers who need further assistance to "contact our consumer support" at the Torrance, California address. (Baskerville Decl. at ¶ 8; Exhibit 6).

On October 14, 2010, Defendant wrote to Plaintiff advising her that Defendant had "received your dispute in regards to your credit reports reporting you are deceased." The stationary used by Defendant to reply to Plaintiff had letterhead stating:

> 700 Credit
>
> 223 W. 190th Street, Torrance, CA 90504
>
> PH: (310) 327-6434 FAX: (310) 327-1301

(Baskerville Decl. at ¶ 9; Exhibit 7). Further, when Plaintiff contacted Defendant in November 2010 to request a copy of the report that Defendant sold to Moss Brothers Chevrolet, she wrote to the Torrance, California address. (Baskerville Decl. at ¶ 10; Exhibit 8). On December 3, 2010, Defendant sent Plaintiff a copy of the report that it had previously sold to Moss Brothers Chevrolet. (Baskerville Decl. at ¶ 11; Exhibit 9). Once again the address on the letterhead for the cover letter was Defendant's Torrance, California address. Thus, all of contacts between Plaintiff and Defendant in this matter were either directed to or presented as coming from the Central District of California.

In addition to Plaintiff's contacts with Defendant, 700 Credit has a website that disseminates information about itself to consumers and to its clients and

3

prospective customers. The information contained on Defendant's website that either identifies Defendant or provides contact information for Defendant all references 700 Credit's Torrance California address. For example:

- Defendant's "Contact Us" page states "700 Credit is located five miles south of Los Angeles International Airport (LAX). Corporate Headquarters: 2233 West 190th Street, Torrance CA 90504." (Baskerville Decl. at ¶ 12; Exhibit 10).

- Defendant's "Join Our Team" page directs potential job applicants to send their resumes to "700 Credit, Attn: Human Resources, 2233 West 190th Street, Torrance CA 90504." (Baskerville Decl. at ¶ 13; Exhibit 11).

- Defendant's website provides consumers with 700 Credit's "Consumer Dispute Request Instructions." These instructions direct consumers to "Mail, Fax or email" their completed dispute forms to 700 Credit LLC Consumer Dispute Department at the Torrance, California address. The fax number provided is 310-327-1301, a California number. (Baskerville Decl. at ¶ 7; Exhibit 5).

- 700 Credit's "Consumer Dispute Policy" on its website directs consumers who need further assistance to "contact our consumer support" at the Torrance, California address. (Baskerville Decl. at ¶ 8; Exhibit 6).

- 700 Credit LLC also posts recent news events concerning the company on its website. The two most recent postings are issued from Torrance, California (Baskerville Decl. at ¶ 9; Exhibit 7).

- Defendant also has a membership packet and application on its website for auto dealerships that wish to become members of 700 Credit's services. All of the pages of the membership packet and application have 700 Credit's Torrance, California address on them. Additionally, as part of the application, prospective new clients are asked to send a letter of intent addressed to 700 Credit LLC at its Torrance, California address. (Baskerville Decl. at ¶ 14; Exhibit 12).
- Defendant's Service Agreement that all its members must sign also bears the Torrance, California address. Additionally the Service Agreement has a choice of law provision which states: "This Agreement shall be governed by and construed in accordance with California law." (Baskerville Decl. at ¶ 15; Exhibit 13 at ¶ 16).
- Defendant's Service Agreement also states that its clients "must conform to the SUBSCRIBER CERTIFICATION OF COMPLIANCE pursuant to California Civil Code section 1785.14(a)." (Baskerville Decl. at ¶ 15; Exhibit 13 at ¶ 17).

Although the defense now represents that 700 Credit is a " 'doing business' arm" of Open Dealer Exchange ("ODE") nothing on Defendant's website refers to ODE or to the State of Michigan. (Baskerville Decl. at ¶ 17).

### III.  ARGUMENT

In the Ninth Circuit, a motion for transfer pursuant to 28 U.S.C. § 1404(a) lies within the discretion of the district court. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant or deny such a motion turns on the facts of the particular case. *Id.*

The Ninth Circuit has stated that the factors to be weighed by the district courts in deciding a motion for transfer include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Id.* at 498-99; *see Harms v. Experian Info. Solutions, Inc.*, Civ. No. 07-0697JF, 2007 WL 1430085, at *1 (N.D. Cal. May 14, 2007) (listing the ten *Jones* factors in an FCRA case).

A plaintiff's choice of forum is accorded substantial weight, absent improper forum shopping, and courts will not grant a motion under Section 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer. *Decker Coal Co. v. Commw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002); *see generally Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

The factors to be considered in a motion for transfer weigh in favor of Plaintiff in the case at bar, and 700 Credit has not shown that the factors tip *strongly* in favor of transfer.[1] As discussed below, the factors here support denial of 700 Credit's Motion.

**A. The State That Is Most Familiar With The Governing Law.**

California federal district courts and the Ninth Circuit are very familiar with the governing law in this case, and have been the locus of some of the seminal

---

[1] Factors 1 ("the location with the relevant agreements were negotiated") and 9 ("the presence of a forum selection clause") are relevant to the instant analysis only to show that Defendant has contact with Plaintiff's chosen forum, holds itself out as a business located within the Central District of California and avails itself of the protections of California law in dealing with its clients.

6

FCRA decisions in the nation. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010); *Bateman v. Amer. Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010); *Pintos v. Pacific Creditors Assoc.*, 605 F.3d 665 (9th Cir. 2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009); *Dennis v. BEH-1*, 520 F.3d 1066 (9th Cir. 2008); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057 (9th Cir. 2002); *Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995).[2]

Further, California courts are more familiar with claims brought under California law and the CCRAA. *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011) ("A California district court is more familiar with California law than district courts in other states."); *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1085 (N.D. Cal. 2008) ("A court in the Northern District of California is more familiar with California law than a court in the District of Arizona.").

This factor thus weighs in favor of Plaintiff's choice of forum.

**B. The Plaintiff's Choice Of Forum.**

Plaintiff here has chosen a proper forum. Plaintiff is a resident of the Central District of California bringing claims on behalf of other California residents under California and federal consumer protection laws. Defendant admittedly conducts business in the Central District of California. Further, through its website 700 Credit holds itself out as headquartered in California and directs consumers to contact it at a Torrance, California address. Under the circumstances, Plaintiff has chosen a proper forum to bring this litigation.

Since Plaintiff has chosen a proper forum here, her choice should be given weight and should not be lightly disturbed. *Decker*, 805 F.2d at 843 ("The Defendant must make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum."); *Roling v. E*Trade Securities, LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010) (citing *Decker*, *supra*). In its motion, Defendant

---

[2] *See also Valentine v. First Advantage Safe Rent, Inc.*, 2009 WL 4349694 (C.D. Cal. Nov. 23, 2009); *Yourke v. Experian Info. Solutions, Inc.*, 2007 WL 1795705 (N.D. Cal. June 20, 2007); *Akselrod v. Check Systems, Inc.*, 2005 WL 1492390 (C.D. Cal. June 6, 2005).

points to case law in the Ninth Circuit and this District that holds that a plaintiff's choice of forum is entitled to less weight when the action is a class action. While this is, as a general principle, a correct statement of the law, the cases cited by Defendant are factually distinguishable from the case at bar. Here, Plaintiff is a resident of the Central District of California seeking to represent other similarly situated California consumers. In the cases Defendant cited, the named plaintiffs were residents of other districts than the district in which the case was brought. Further, in *Ward* and *In re Yahoo*, *infra*, the plaintiffs were seeking to represent nationwide classes.

The mere fact that Plaintiff chose to bring this action as a class action does not in itself mean that her choice of forum is not entitled to great deference. For example, in *In re Ferrero Litig.*, the court denied a motion to transfer venue in a class action from the Southern District of California to the District of New Jersey. In addressing the issue of plaintiff's choice of forum the *Ferrero* court noted that "[a] plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen its 'home forum.'" 768 F. Supp. 2d at 1078 (citations omitted). The *Ferrero* court then went on to hold "[b]ecause some of the operative facts occurred in this district, and because Plaintiffs reside in this district and did not engage in forum shopping, the Court gives deference to Plaintiffs' choice of forum." *Id.* at 1079 (citing *Roling*, 756 F. Supp. 2d at 1185-86). Under the circumstances here, Plaintiff's choice of forum is entitled to substantial weight.

This factor thus weighs in favor of Plaintiff's choice of forum.

**C. The Respective Parties' Contacts With The Forum.**

Plaintiff is a resident of the Central District of California seeking to represent four classes of California residents. Defendant conducts business in the Central District of California and on its website holds itself out as headquartered in the Central District of California. Defendant's website also directs consumers to contact it at an address in the Central District of California and to send dispute

forms concerning its credit reports to it at the same address. Additionally, job applicants applying for work with 700 Credit are directed to send their resumes to 700 Credit's human resources department at the same Torrance, California address. Further, Defendant issues press releases in the name of 700 Credit, LLC with a dateline showing the press release was from Torrance, California.

Defendant also requires all of its customers to sign a Service Agreement that includes a choice of law provision. Under this provision, all companies wishing to use 700 Credit's services are required to acknowledge that: "This Agreement shall be governed by and construed in accordance with California law." (Baskerville Decl. at ¶ 15; Exhibit 13 at ¶ 16). Thus in its dealings with its customers, Defendant is more than willing to avail itself of the protections of California law.

Clearly, Defendant 700 Credit has extensive contacts with the Central District of California -- Plaintiff's chosen forum. As such, Defendant should not now be allowed to argue that it has few or no contacts with Plaintiff's chosen forum allegedly because its corporate parent into which it was allegedly merged has chosen to "migrate" some (although not all) of its operations to Michigan. Nowhere on its website does Defendant mention its connections to ODE or use any address other than the Torrance, California address. In its Motion, Defendant argues 700 Credit is merely the " 'doing business' arm" of ODE and that its operations and personnel are located in the Eastern District of Michigan.

Despite these claims, Defendant clearly holds itself out to consumers, potential job applicants and its clients and prospective clients as being a business located within the Central District of California. Moreover, even if ODE is headquartered in Michigan, it admittedly also has operations relevant to this action in California, Florida and New Jersey. Nor do the headquarters of a defendant control the issue of venue.

In sum, this factor also weighs in favor of Plaintiff's choice of forum.

### D. The Contacts Relating To The Plaintiff's Cause Of Action In The Chosen Forum.

Here, the contacts with Plaintiff's chosen forum are clear. The transaction that lead Plaintiff to discover that she was being inaccurately reported as "deceased" occurred at a car dealership in the Central District of California. Defendant conducts business in the Central District of California and holds itself out to consumers and clients alike on its website as headquartered in the Central District of California. Further, Defendant's website directs consumers to contact it at a Torrance, California address. Plaintiff herself disputed the deceased mark on her 700 Credit report to Defendant by sending a dispute form to Defendant's address in Torrance, California. When she received a response back from Defendant, it came on letterhead bearing Defendant's Torrance, California address. Similarly, when Plaintiff contacted Defendant to obtain a copy of the credit report that 700 Credit sold to Moss Brothers Chevrolet, she wrote to Defendant at its Torrance, California address. In response to Plaintiff's request, 700 Credit sent her a copy of the credit report with a cover letter on letterhead stating 700 Credit's Torrance, California address. All of Plaintiff's contacts with Defendant were either sent to an address in California or received on letterhead displaying a California address and phone number.

This factor also weighs in favor of Plaintiff's choice of forum.

### E. The Differences In The Costs Of Litigation In The Two Forums.

Defendant cannot claim that it will be more expensive or any greater burden upon its witnesses to litigate this case in the Central District of California. The documents that are relevant to this matter are stored electronically and will be produced electronically. Depositions of Defendant's witnesses are usually taken at the witnesses' location -- and in this case it will likely be several locations regardless of the venue of the case. There is no doubt, however, that (1) Plaintiff, (2) other California class members, (3) Defendant's Torrance, California

employees, and (4) agents from Moss Brothers Chevrolet are all located in the Central District of California. Therefore, it will actually be less expensive with respect to the above discovery to litigate this case in Plaintiff's chosen forum as opposed to the Eastern District of Michigan.

Further, should this matter go to trial, it would be greatly inconvenient for Plaintiff and potentially numerous California class members (as well as for third party witnesses, such as Moss Brothers Chevrolet) to travel to the Eastern District of Michigan then it would for any of ODE's executives (who may or may not be witnesses in this matter) to travel to the Central District of California. Thus, if this matter were tried, a transfer to the Eastern District of Michigan would greatly shift the burden and inconvenience to Plaintiff. Courts in this Circuit and this District have clearly stated that shifting the inconvenience from one party to another is not a proper reason to transfer venue. *See In re Yahoo!, Inc.*, 2008 WL 707405 (C.D. Cal. Mar. 10, 2008) (citing *Decker*, *supra*).

This factor as such weighs in favor of Plaintiff's choice of forum.

### F. The Availability Of Compulsory Process To Compel Attendance Of Unwilling Non-Party Witnesses.

No party, to date, has identified any specific third-party witness that it is definitely planning to use in support of any claim or defense in this matter. Thus, this factor cannot yet be fully weighed. Plaintiff's Complaint identifies the location where the false credit report was sold in connection with Plaintiff's application for credit as Moss Brothers Chevrolet, which is located in the Central District of California. Moreover, both Plaintiff and Defendant have referred to the three national credit reporting agencies (Experian, Trans Union and Equifax) as third parties with potential information in this matter. Of these three, Experian and Trans Union have principal bases of operation in the Central District of California. *See* http://www.experian.com/corporate/experian-locations.html (Costa Mesa, CA); http://www.transunion.com/corporate/personal/consumerSupport/contactUs.page

11

(Fullerton, CA). Equifax is located in Georgia, not Michigan. No Michigan-based third parties have been identified by either Plaintiff or Defendant. Thus, this factor, to the extent that it may be considered, also weighs in favor of Plaintiff's choice of forum.

### G. The Ease Of Access To Sources Of Proof.

#### 1. Documents

Documents in this case are stored electronically and will be exchanged electronically, as is typical in fair credit cases that Plaintiff's counsel has previously litigated. As such, the venue of the case will neither assist nor hinder the exchange of documents.

The fact that Defendant allegedly maintains some hard copies of documents and electronically stores information in Michigan has no relevance to the venue of this case. Plaintiff here has no intention of inspecting Defendant's record storage. Therefore, the physical location of Defendant's documents, as such, should not determine where this litigation is conducted.

#### 2. Witnesses

Plaintiff is a California resident and it would be most convenient for her to litigate this matter in the Central District of California -- her chosen forum. Defendant argues that it would be more convenient for its witnesses to litigate this matter in the Eastern District of Michigan where ODE maintains its offices. Assuming that there will be one or more ODE witnesses in this matter, Plaintiff's counsel in the past routinely will either travel to defense witnesses' location to conduct their depositions, or conduct the depositions via telephone. Accordingly, none of Defendant's witnesses will be inconvenienced if this litigation is conducted in the Central District of California. Further, Defendant identifies a witness who resides in the State of New Jersey. This witness could be deposed at the Plaintiff's counsel's Philadelphia, Pennsylvania offices, which presumably would be more convenient than Defendant's offer to fly this witness to Michigan if the case is

transferred there.

On the other hand, if absentee class members are deposed or interviewed pre-certification, or if class members are deposed or interviewed after certification, all those contracts must necessarily take place in California since Plaintiff proposes several California-wide classes. Litigating this California class action in the Eastern District of Michigan will surely cause significant *inconvenience* to probable parties and witnesses -- and thus completely undermine Defendant's professed interests in convenience.

This factor therefore also weighs in favor of Plaintiff's choice of forum.

**H. The Relevant Public Policy Of The Forum State, If Any**.

California has a clear interest in enforcing the consumer protection laws at issue in this case. Plaintiff is a resident of the Central District of California and the putative class members are all California residents. Plaintiff's claims are under federal and California law. The Central District of California arguably also has a strong interest in regulating 700 Credit because 700 Credit conducts business in the Central District of California and holds itself out as being headquartered there.

This factor again favors Plaintiff's choice of forum.

**IV. CONCLUSION**

In sum, the balance of the relevant factors weighs in favor of Plaintiff and against transfer. Not a single relevant factor weighs *strongly* in favor of the transfer

13

for which Defendant advocates.  For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to transfer venue.

Dated:  September 6, 2011                              Respectfully submitted,

      */s/ James A. Francis*
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
Geoffrey H. Baskerville (*pro hac vice*)
FRANCIS & MAILMAN, P.C.
100 S. Broad St., 19th Floor
Philadelphia, PA  19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

William J. Wall (Bar No. 203970)
THE WALL LAW OFFICE
9900 Research Drive
Irvine, CA  92618
Telephone:  (949) 387-4300
Facsimile:   (800) 722-8196

*Attorneys for Plaintiff
Mary Grammont*

14