1  William J. Wall (State Bar No. 203970)
   wwall@wall-law.com
2  THE WALL LAW OFFICE
   9900 Research Drive
3  Irvine, CA  92618
   Telephone:  (949) 387-4300
4  Facsimile:   (800) 722-8196

5  James A. Francis (*pro hac vice*)
   John Soumilas (*pro hac vice*)
6  Geoffrey H. Baskerville (*pro hac vice*)
   FRANCIS & MAILMAN. P.C.
7  Land Title Building, 19th Floor
   100 South Broad Street
8  Philadelphia, PA 19110
   Telephone:  (215)735-8600
9  Facsimile:   (215) 940-8000

10 Attorneys for Plaintiff
   MARY GRAMMONT
11

12              **UNITED STATES DISTRICT COURT**
13              **CENTRAL DISTRICT OF CALIFORNIA**
14

15 **MARY GRAMMONT,**                )
                                     )  Case No.: 2:11-cv-04265-CAS-DTB
16         **Plaintiff,**            )
                                     )
17     vs.                           )  **PLAINTIFF MARY**
                                     )  **GRAMMONT'S**
18 **700 CREDIT, LLC,**              )  **MEMORANDUM OF LAW IN**
                                     )  **OPPOSITION TO**
19                                   )  **DEFENDANT'S MOTION FOR**
           **Defendant.**            )  **SUBSTITUTION UNDER RULE**
20 _____    )  **25(c)**

# TABLE OF CONTENTS

Table of Authorities .................................................................................................. ii
I.   INTRODUCTION ........................................................................................... 1
II.  ARGUMENT .................................................................................................. 2
III. CONCLUSION ............................................................................................... 5

## TABLE OF AUTHORITIES

### CASES

*Dodd v. Pioche Mines Consolidated, Inc.*,
  308 F.2d 673 (9th Cir. 1962)................................................................................2

*In re Bernal*,
  207 F.3d 595 (9th Cir. 2000)................................................................................2

*Learning Annex Holdings LLC v. Rich Global LLC*,
  2011 WL 3423927 (S.D.N.Y. Aug. 3, 2011).......................................................2

### STATUTES & RULES

Fed. R. Civ. P. 25(c) (2007) .......................................................................................2

## I. INTRODUCTION

Plaintiff Mary Grammont respectfully submits this Memorandum of Law in opposition to Defendant 700 Credit, LLC's ("700 Credit") Motion for Substitution under Fed. R. Civ. P. 25(c). Substituting Open Dealer Exchange LLC ("ODE") for 700 Credit as the only named Defendant at this early stage in this litigation, as Defendant suggests, would be premature and is not necessary or appropriate under Fed. R. Civ. P. 25(c). Although ODE appears to have exposure as a potentially liable successor party in this matter, Defendant has not shown that 700 Credit had no liability at all for the events at issue, and does not properly explain the relationship between 700 Credit and ODE. Defendant's Motion to substitute ODE as the Defendant should thus be denied. In the alternative, ODE should be joined as a Defendant in this action, as permitted by Fed. R. Civ. P. 25(c), which will not prejudice 700 Credit or ODE in any way.

As this Court knows, this is a consumer protection class action brought by a California consumer under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and the California Consumer Credit Reporting Agencies Act ("CCRAA") Cal. Civ. Code §§ 1785.1-1787.3. Plaintiff seeks to represent four classes of similarly situated California consumers including a class of California consumers who were inaccurately reported as being deceased on credit reports sold by 700 Credit.

Plaintiff filed her Complaint on May 18, 2011. Defendant thereafter filed a motion to transfer venue to the Eastern District of Michigan. (Dkt. No. 17). A hearing on that motion is set for September 26, 2011. To date, no initial disclosures have been made, no discovery has taken place, and this Court has not issued a scheduling order in this case. Defendant has now filed a motion to substitute ODE for named Defendant 700 Credit. Plaintiff agreed to join ODE as a Defendant based upon defense counsel's representations concerning ODE's business relationship to 700 Credit. Given the credit reports propounded by 700 Credit, its

1

representations to Plaintiff, and 700 Credit's continued representations to consumers on its website, however, Plaintiff believes that it would be inappropriate to dismiss 700 Credit from this action via substitution. Thus, Plaintiff suggested *joining* ODE as an additional Defendant. Counsel for 700 Credit refused, presumably because defense counsel believes that it may have better chances of prevailing in its motion to transfer venue if ODE is the only Defendant in this action. Defendant is mistaken in its venue argument (*see* Dkt. No. 24), and here also fails to show why its motion to substitute should be granted.

## II.  ARGUMENT

Federal Rule of Civil Procedure 25(c) states:

> **Transfer of Interest.** If an interest is transferred, the action *may* be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action *or* joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c) (emphasis added). In the Ninth Circuit, the decision whether to grant or deny a motion to substitute pursuant to Fed. R. Civ. P. 25(c) lies within the discretion of the district court. *See In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000); *Dodd v. Pioche Mines Consolidated, Inc.*, 308 F.2d 673, 673 (9th Cir. 1962).

Further, the Ninth Circuit has noted "[t]he most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred." *In re Bernal*, 207 F.3d at 598 (quoting *7C Charles Alan Wright, et al., Federal Practice and Procedure* § 1958 (2d ed. 1986)). Moreover, a motion to substitute may be brought at any time during the litigation, even after a final judgment. *Learning Annex Holdings LLC v. Rich Global LLC*, 2011 WL 3423927, at *1 (S.D.N.Y. Aug. 3, 2011) (citing *James Wm. Moore, et al., Moore's Federal Practice* ¶ 25.33[2]).

In support of its motion to substitute Defendant has produced certain records that show the merger of an entity known as ODeCredit LLC into ODE on August

31, 2010.[1]  Defendant claims that 700 Credit was renamed as ODeCredit LLC but does not say exactly when this occurred or whether there were any terms or conditions to this action. Further, Defendant has produced no documentary evidence that shows that ODeCredit LLC and 700 Credit LLC were ever the same entity.[2] Thus, there is a gap in the line of corporate succession that Plaintiff needs to investigate before she can know the involvement of ODeCredit LLC and ODE to this matter.

Moreover, there are events relevant to this litigation that occurred prior to the August 31, 2010 date of the merger of ODeCredit LLC into ODE. For example, 700 Credit prepared and sold the credit report that erroneously marked Plaintiff as deceased to Moss Brothers Chevrolet on August 22, 2010. (Dkt. No. 1, Compl. at ¶ 47). At the time of this transaction, 700 Credit LLC operated as the successor of a business known as 700 Credit Inc., according to Defendant. Further, on its website Defendant 700 Credit still holds itself out to be a company headquartered in Torrance, California and still issues press releases in the name of "700 Credit LLC." (Baskerville Decl. at ¶¶ 3-4). To the extent that 700 Credit is liable for the events at issue in this case, at least for a period of time, it is premature to remove it entirely as a Defendant from this matter at this early stage of the litigation and before Plaintiff has been able to take any discovery on the relationship between 700 Credit and ODE.[3]

During a telephone conference with defense counsel on August 3, 2011,

---

[1] These documents were made available to Plaintiff for the first time as Exhibits to the Declaration of Ken Hill in support of Defendant's motion to substitute.

[2] Ken Hill in his Declaration in support of Defendant's motion to substitute states that 700 Credit LLC was renamed ODeCredit LLC but does not say when this took place or the terms under which the entities were renamed. (Dkt. No. 23-1).

[3] This litigation is in its infancy. Plaintiff's Complaint was filed on May 18, 2011. Defendant filed its Answer on July 21, 2011. There have been no initial disclosures, no discovery has been taken, and this Court has yet to issue a scheduling order in this matter.

Plaintiff's counsel offered to add ODE as an additional party while discovery was conducted. (Baskerville Decl. at ¶ 5). Defendant refused this offer even though it believes that ODE is a proper Defendant in this matter. (Baskerville Decl. at ¶ 5). Despite Defendant's position, Plaintiff believes that the more prudent course is for this Court to join ODE in this action rather than to substitute it for 700 Credit. If 700 Credit is removed from this action entirely at this early stage Plaintiff can be deprived of disclosures (such as insurance agreements) and discovery showing that 700 Credit is a liable party or a partially liable party in this action. If, on the other hand, ODE is simply joined, no such risk exists. Nor will the joining of ODE be burdensome or cause any prejudice to the defense. The same defense counsel represent 700 Credit and ODE, and they have already represented that ODE is an appropriate party to this action.

In sum, it is premature to outright substitute ODE for 700 Credit at this time. Under Fed. R. Civ. P. 25(c), this Court does not need to substitute the parties simply because Defendant has moved to substitute; nor is substitution ever necessary in the case of a transfer of interest. Rather, this Court has the discretion to join ODE as a party and allow discovery on the subject of corporate succession to be conducted, or it can outright deny Defendant's Motion and address the subject of ODE as a potentially liable successor party at a later time.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion or, in the alternative, join ODE as a Defendant in this litigation.

Dated: September 6, 2011                      Respectfully submitted,


                                             */s/ James A. Francis*
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
Geoffrey H. Baskerville (*pro hac vice*)
FRANCIS & MAILMAN, P.C.
100 S. Broad St., 19th Floor
Philadelphia, PA  19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

William J. Wall (Bar No. 203970)
THE WALL LAW OFFICE
9900 Research Drive
Irvine, CA  92618
Telephone:  (949) 387-4300
Facsimile:   (800) 722-8196

*Attorneys for Plaintiff*
*Mary Grammont*

5