CHARLES A. NEWMAN (*pro hac vice*)
SNR DENTON US LLP
One Metropolitan Square
211 N. Broadway, Suite 3000
St. Louis, Missouri 63102
Telephone: (314) 241-1800
Facsimile: (314) 259-5959

FELIX T. WOO (State Bar No. 208107)
MICHAEL J. DUVALL (State Bar No. 276994)
SNR DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Defendant,
as named in Plaintiff's Complaint,
700 Credit, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GRAMMONT, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>700 CREDIT, LLC,<br><br>　　　　Defendant. | No. CV 11-04265 CAS<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER**<br><br>Date: September 26, 2011<br>Time: 10:00 a.m.<br>Courtroom: 5<br><br>Hon. Christina A. Snyder |

## Introduction

Plaintiff's opposition to Defendant's motion to transfer attempts to spin her case theory – differently than as pleaded in her own Complaint (Doc. 1) – in this crucial respect: Plaintiff's putative Class Action Complaint purports to broadly implicate Defendant's policies and practices from May 2009 through the present (*id.* ¶¶ 6-46), but her opposition to the motion to transfer venue to Michigan (the place of Defendant's headquarters) focuses virtually exclusively on only her transaction, which occurred in California. If Plaintiff were suing individually, then her argument against transfer may be bolstered. However, because Plaintiff's Complaint places at issue Defendant's policies and practices that emanate primarily from Michigan (as shown by Defendant's uncontroverted evidence), and considering that a great deal of investigation, discovery, and briefing in this case likely will involve Defendant's policies and practices, transfer to the Eastern District of Michigan is warranted.

## Argument

Plaintiff dedicates much of her opposition to establishing the unremarkable fact that Defendant does business in California, including through its 700 Credit, LLC website, and that her financing transaction, on which she bases her individual claim, occurred in the Central District (*see* Doc. 24 at 1-5). Defendant does not dispute either of these facts. What Plaintiff largely ignores, however, is that all of her averments concerning the putative classes she seeks to represent overwhelmingly focus on Defendant's policies and practices, which primarily emanate (and have for much of the putative class period) from the Eastern District of Michigan (*see* Doc. 17 at 3-5). Thus, considering the 28 U.S.C. § 1404(a) transfer factors in light of Plaintiff's putative class action allegations (*see* Doc. 17 at 6-10), it is clear that the Eastern District of Michigan is the preferable venue for this case. *See, e.g., In re Yahoo! Inc.*, 2008 U.S. Dist. LEXIS 20605, at *8 (C.D. Cal. Mar. 10, 2008) (Snyder, J.); *Foster v. Nationwide Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 95240, at *18 (N.D.

Cal. Dec. 14, 2007). Within this framework, Defendant briefly addresses each of Plaintiff's specific arguments in turn.

### A.   Governing Law

The governing law, per Plaintiff's Complaint, is the federal Fair Credit Reporting Act ("FCRA") (*see* Doc. 1 ¶¶ 82-86). While Plaintiff argues that the Ninth Circuit and this Court have adjudicated cases under this statute, obviously, so too have courts in the Sixth Circuit and the Eastern District of Michigan, which are equally capable of applying federal law. *See, e.g., Zeta-Jones v. The Spice House*, 372 F. Supp. 2d 568, 576 (C.D. Cal. 2005) (Snyder, J.). And while Plaintiff also asserts a claim under California's counterpart to the FCRA, since that the statute is based on the FCRA, Plaintiff's state-law claim hardly weighs against transfer. *See Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 889 (9th Cir. 2010) (citation and quotations omitted). Indeed, this Court has transferred cases involving California state-law claims to other jurisdictions that are fully capable of applying California law. *See, e.g., Zeta-Jones*, 372 F. Supp. 2d at 576. Thus, this factor is neutral.

### B.   Plaintiff's Choice Of Forum

Plaintiff's choice of forum is not entitled to deference because she seeks to represent several putative classes and, as noted above and described in Defendant's motion (*see* Doc. 17 at 10), focuses her claims on Defendant's policies and practices, thereby rendering the state where its headquarters, information, and executive personnel are located a more appropriate forum in which to litigate. *See Foster*, 2007 U.S. Dist. LEXIS 95240, at *18.

### C.   The Parties' Contacts With The Forum

Defendant does not deny that it has contacts with California, through its doing-business arm, 700 Credit, LLC. But what Plaintiff glosses over throughout her lengthy discussion of those contacts is that the vast majority of Defendant's employees and information (including documents) are now located in (or are in the process of migrating to) its headquarters in Michigan (*see* Doc. 17 at 3-5, Doc. 17-1

¶¶ 2, 4-5, 7-10). Indeed, Plaintiff mischaracterizes Defendant's uncontroverted evidence supporting transfer, as *most* (not "some") of Defendant's operations are in Michigan and the company's decisions are made there (*see* Doc. 17-1 ¶¶ 4-5, 7-10). The merger of 700 Credit, LLC into ODE and resulting migration to Michigan are not, as Plaintiff asserts, merely "allegations," they are undisputed facts (*see* Doc. 24 at 9).

Thus, this factor, when viewed in light of Plaintiff's own allegations, weighs in favor of transfer. *See, e.g., Foster*, 2007 U.S. Dist. LEXIS 95240, at *18.

### D. The Contacts Relating To Plaintiff's Cause Of Action

Similarly with respect to this factor, since Plaintiff's claims – in her own words – involve "principal questions" of Defendant's practices and procedures (Doc. 1 ¶ 74), those likely will be the focal point of this case (*see* Doc. 17 at 5-6). Thus, while Plaintiff's transaction occurred in California, given that the bulk of Defendant's operations occur in Michigan, that forum is more appropriate for the adjudication of this case. *See, e.g., In re Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *8; *Foster*, 2007 U.S. Dist. LEXIS 95240, at *18.

### E. The Differences In The Costs Of Litigation

Plaintiff argues that it would be less costly for her, the dealership that sold the product about which she complains, and putative class members to litigate in this District rather than in the Eastern District of Michigan, but she wholly ignores Defendant's unrebutted evidence showing that it would be far more convenient and far less costly for the witnesses most likely to be called in this case to participate in Michigan, not California (*see* Doc. 17 at 7-8; Doc. 17-1 ¶¶ 4, 11); *see, e.g., Foster*, 2007 U.S. Dist. LEXIS 95240, at *8. Also, as noted in Defendant's motion (*see* Doc. 17 at 8), Plaintiff's argument concerning the convenience of putative class members carries no weight, given the unlikelihood that they will participate in this case. *See, e.g., Flint v. UGS Corp.*, 2007 U.S. Dist. LEXIS 94643, at *8-9 (N.D. Cal. Dec. 12, 2007). Defendant further noted in its transfer motion that it will depose Plaintiff in

her home forum, thus eliminating any claimed inconvenience during the discovery and class certification stages (*see* Doc. 17 at 8). Thus, this factor weighs in favor of transfer.

### F. Compulsory Process To Compel Non-Party Witnesses

Plaintiff readily admits that nothing in this case currently implicates this factor, and her discussion of credit bureaus with "potential information" is, obviously, speculative. Moreover, in any event, those potential witnesses are subject to compulsory process for both the production of information and testimony. *See* Fed. R. Civ. P. 45(b)(2). Thus, this factor has no bearing on the transfer motion.

### G. Ease Of Access To Sources Of Proof

With respect to this factor, Plaintiff's arguments are mere re-hashes of her attempts to contort other factors in her favor by ignoring that the focus of her case is on Defendant's practices and procedures, the focal point of which is in Michigan. In these circumstances, it is axiomatic that the location of Defendant's headquarters, personnel, and information is a more appropriate venue. *See, e.g., In re Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *8; *Foster*, 2007 U.S. Dist. LEXIS 95240, at *8. Indeed, Defendant detailed the weight of this factor in favor of transfer in Defendant's motion, and Plaintiff did not rebut those facts whatsoever (*see* Doc. 17 at 7-8).

### H. Relevant Public Policy Of The Forum

As noted above, the Eastern District of Michigan has an interest in enforcing the FCRA equal to that of this Court, and that Court certainly has an interest in regulating ODE, which is headquartered there (*cf.* Doc. 24 at 13). Thus, this factor is neutral at worst and, if anything, favors transfer since ODE is headquartered in that District.

### Conclusion

For these reasons and those stated in Defendant's motion to transfer, this Court should grant Defendant's motion to transfer this action to the Eastern District of Michigan.

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated:  September 12, 2011 | CHARLES A. NEWMAN<br>FELIX T. WOO<br>MICHAEL J. DUVALL<br>SNR DENTON US LLP |
| | By  /s/ Michael J. Duvall<br>        Michael J. Duvall |
| | Attorneys for Defendant,<br>as named in Plaintiff's complaint,<br>700 Credit, LLC |

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

-5-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

I hereby certify that on September 12, 2011, I electronically filed the foregoing document, entitled **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER**, with the Clerk of the Court using the ECF system, which will send notification of such filing to the following parties:

> Geoffrey H. Baskerville
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> James A. Francis
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> James Soumilas
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> William J. Wall
> The Wall Law Office
> 9900 Research Drive
> Irvine, CA 92618-4309

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2011, at Los Angeles, California.

/s/ Jennifer Carmona
Jennifer Carmona

-6-
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER