CHARLES A. NEWMAN (*pro hac vice*)
SNR DENTON US LLP
One Metropolitan Square
211 N. Broadway, Suite 3000
St. Louis, Missouri 63102
Telephone: (314) 241-1800
Facsimile: (314) 259-5959

FELIX T. WOO (State Bar No. 208107)
MICHAEL J. DUVALL (State Bar No. 276994)
SNR DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Defendant,
as named in Plaintiff's Complaint,
700 Credit, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GRAMMONT, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>700 CREDIT, LLC,<br><br>　　　　　Defendant. | No. CV 11-04265 CAS<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUBSTITUTION**<br><br>[Filed Contemporaneously With Declaration of Kenneth H. Hill]<br><br>Date: September 26, 2011<br>Time: 10:00 a.m.<br>Courtroom: 5<br><br>Hon. Christina A. Snyder |

## Introduction

Plaintiff's opposition to Defendant's motion to substitute Open Dealer Exchange, LLC ("ODE") for 700 Credit, LLC disregards the undisputed facts underlying the straightforward motion and attempts to impose requirements for substitution that do not exist. Defendant's motion should be granted.

## Argument

### I. 700 Credit, LLC Is Not A Separate Legal Entity.

Plaintiff claims that Defendant "does not properly explain the relationship between 700 Credit and ODE" (Doc. 25 at 1). However, Defendant clearly and concisely explained in the motion for substitution that: (a) 700 Credit, LLC (having been renamed ODeCredit, LLC) was merged into ODE on August 31, 2010; and (b) ODE still does business as "700 Credit, LLC" (see Doc. 23 at 2, Doc. 23-1 ¶ 3 & Exs. A-C).[1] Thus, ODE, not "700 Credit, LLC," is the proper defendant.

Ignoring these basic facts, Plaintiff offers a "red herring," arguing that there is an alleged "gap in the line of corporate succession" that she must investigate and somehow militates against substitution (Doc. 25 at 3). The alleged "gap" to which she refers – the renaming of 700 Credit, LLC prior to its merger into ODE – is non-existent, as Defendant's Managing Director plainly testified that 700 Credit, LLC had been renamed ODeCredit, LLC, which was then merged into ODE (Doc. 23-1 ¶ 3 & Exs. A-B). The date of that renaming (January 5, 2010) is immaterial to whether ODE, not 700 Credit, LLC (which indisputably no longer is a separate legal entity), is the proper defendant. In any event, so that there is no doubt, the declaration accompanying this reply provides the remaining details of 700 Credit, LLC's pre-merger name change that Plaintiff claims are material to this motion (see Decl. of

---

[1] Plaintiff suggests that she was first apprised of the grounds for substituting ODE as defendant when it submitted evidence in support of the motion for substitution (see Doc. 25 at 3 n.1). The documents referenced by Plaintiff that were submitted with Defendant's motion simply corroborated the testimony accompanying Defendant's motion to transfer (Doc. 17-1 ¶ 2), which was filed five weeks prior to the motion for substitution and was discussed with Plaintiff's counsel on several occasions before Defendant filed the motion for substitution (see Doc. 23-2 ¶¶ 3-5).

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Kenneth H. Hill ¶ 3 & Ex. A). There can be no dispute regarding the relationship between ODE and its doing-business arm, 700 Credit, LLC.

## II. Defendant Meets The Requirements For Substitution.

Plaintiff also argues that "Defendant has not shown that 700 Credit had no liability at all for the events at issue" and that because events that may be at issue in this case occurred before 700 Credit, LLC's merger into ODE, the motion for substitution should be denied (Doc. 25 at 1, 3). Plaintiff's hypotheses do not affect the substitution calculus whatsoever.

Substitution is not conditioned on a showing that the prior party in interest "had no liability for the events at issue," as Plaintiff argues, instead, substitution is required when a party's interest, *e.g.*, potential liability, has been transferred to another entity. *See* Fed. R. Civ. P. 25(c); *see also* Fed. R. Civ. P. 17(a)(3) (providing for substitution of the real party in interest). Thus, when a sued corporation no longer exists – as is the case with 700 Credit, LLC – its successor in interest should be substituted as the defendant. *See, e.g., Andrew Smith Co. v. Paul's Pak, Inc.*, 2009 U.S. Dist. LEXIS 46163, at *4 (N.D. Cal. May 20, 2009). A leading treatise has described this precise scenario: "Substitution is usually appropriate in situations involving corporate mergers or acquisitions or other transfers in which one corporation ceases to exist and another entity has taken over its rights and obligations." James Wm. Moore et al., Moore's Fed. Prac. - Civil § 25.31 & nn.3, 11 (collecting cases). Since ODE assumed 700 Credit, LLC's liabilities (*see* Doc. 23-1 ¶ 3), ODE is the real party in interest, and substitution is appropriate. *See* Fed. R. Civ. P. 17(a)(3), Fed. R. Civ. P. 25(c).[2]

---

[2] Plaintiff's alternative suggestion of joining ODE to this suit should be rejected because 700 Credit, LLC is not a separate legal entity and, therefore, its inclusion as a named defendant is unnecessary.

## Conclusion

For these reasons and those stated in Defendant's motion for substitution, this Court should grant Defendant's motion for substitution and substitute Open Dealer Exchange, LLC for 700 Credit, LLC as the named defendant in this action.

Respectfully submitted,

Dated: September 12, 2011

CHARLES A. NEWMAN
FELIX T. WOO
MICHAEL J. DUVALL
SNR DENTON US LLP

By /s/ Michael J. Duvall
    Michael J. Duvall

Attorneys for Defendant,
as named in Plaintiff's complaint,
700 Credit, LLC

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

I hereby certify that on September 12, 2011, I electronically filed the foregoing document, entitled **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUBSTITUTION**, with the Clerk of the Court using the ECF system, which will send notification of such filing to the following parties:

> Geoffrey H. Baskerville
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> James A. Francis
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> James Soumilas
> Francis & Mailman PC
> 100 So. Broad St., 19th Floor
> Philadelphia, PA 19110
>
> William J. Wall
> The Wall Law Office
> 9900 Research Drive
> Irvine, CA 92618-4309

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2011, at Los Angeles, California.

/s/ Jennifer Carmona
Jennifer Carmona

-4-
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUBSTITUTION